Edward J. Stopp v. Charles T. Wilt, Jr., and Northwestern Elevated R. R. Co.

1. Eminent Domain—*When the Power is Exercised—Mortgagee's Lien.*—When the power of eminent domain is exercised, the money paid stands in place of the land condemned, and a mortgagee's lien attaches to the same, and the mortgagee is entitled to have such money, in place of the land, applied to the payment of his indebtedness.

2. Same—*Where the Owner Disposes of his Property and Becomes Mortgagee—Assignment of Claims.*—Where the owner of property conveys the same to another, takes a mortgage thereon to secure the payment of the purchase money, and afterward relinquishes all his claims, including that under his mortgage, to the fund which stands in lieu of the premises taken, he will not be entitled to have the fund applied to the payment of the mortgage debt.

**Bill of Interpleader.**—Trial in the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding. Hearing and decree; appeal by the unsuccessful party. Heard in this court at the March term, 1898. Affirmed in part and reversed in part. Opinion filed May 26, 1898.

The bill filed in the Superior Court was in the nature of a bill of interpleader, seeking for a determination of the rights of appellant Stopp and appellee Wilt to a condemnation award of $2,000, which had been paid, $300 thereof to Wilt and $1,700 thereof to the county treasurer, by the complainant, the Northwestern Elevated Railroad Company. The bill also prayed for the release of a mortgage upon the property taken in the condemnation proceeding.

There was at the same time a motion pending by Wilt, in the condemnation suit in the same court, for an order on the county treasurer to pay over said money to him.

Sundry answers and demurrers were filed to the bill, and, in order to arrive at a speedy determination of the matter, jurisdiction was given by stipulation to the chancellor in the interpleader suit to determine the issues without written pleadings, and to enter whatever decree or order he saw fit in either or both of said suits.

The agreed facts were as follows: On December 24,

1895, the Northwestern Elevated Railroad Company filed
a petition in the Superior Court for the condemnation of a
triangular piece off of the rear of the property in con-
troversy, and made as defendants appellant and his wife,
and Wilt and others.

Stopp was then the owner of the fee and Wilt the ten-
ant in possession.

On March 30, 1896, after the beginning of the condem-
nation suit, but before trial, Wilt and Stopp made a con-
tract, by which Wilt should purchase the property in
controversy, paying for it in part by cash, part by exchange
of other land, and balance by mortgage of $8,000. In this
original contract for the sale and exchange of property,
Stopp agreed to give Wilt all the assistance in his power in
the trial of the condemnation suit. This contract was con-
summated on April 8, 1896, by the execution of a deed from
Stopp and wife to Charles T. Wilt, Jr., and mortgage from
Charles T. Wilt, Jr., and wife to Stopp. After the execu-
tion of both deed and mortgage a definite agreement was
entered into in regard to the condemnation suit, in effect as
follows: Reciting that parties entered into a contract for
the purchase, sale and exchange of said property on March
30, 1896; that said contract has this day been consummated
by the delivery of deeds, notes and mortgages therein re-
ferred to; reciting also the bringing of the condemnation
suit; reciting that it was a part of the understanding
and agreement between the parties that all the rights,
causes of action and remedies which the said Stopp might
have or be entitled to against said railroad company in the
above entitled suit, or elsewhere or otherwise, should as a
part of said sale and transfer pass to the said Wilt; that in
consideration of the premises said Stopp does hereby set
over, assign and transfer to the said Wilt, Jr., all his rights
of action, causes of action, claims and demands of every
sort whatsoever which he may now have against said North-
western Elevated Railroad Company, or which he had on
the 25th day of July, 1895, or the 30th day of March, 1896,
by reason of the condemnation suit aforesaid, or which he

may be hereafter entitled to as compensation for the taking of a portion of said premises by condemnation or otherwise for the construction of said railroad, and for damages to the remainder of said premises not taken by reason of said construction; that the said Wilt, Jr., shall have the privilege of defending the condemnation suit aforesaid in the name of said Stopp, if he shall deem it advisable, and that whatever verdict or judgment is obtained in favor of said Stopp in the above entitled suit is hereby assigned and transferred to the said Wilt, Jr., and the said Stopp hereby agrees to execute on demand at any time hereafter further, more formal and sufficient assignments of said verdict or judgment when obtained, and the said Stopp does also authorize the said Wilt, Jr., to negotiate such settlement of said condemnation suit as he may see fit, and doth agree to ratify and confirm the same, and to execute such papers as are necessary to carry such settlement into effect.

On September 29, 1896, after the execution of all the foregoing contracts, a trial was had of the condemnation suit, on which trial it was stipulated and agreed that the interests of Wilt and Stopp, the tenant and the reversioner should be tried together, and that one single judgment should be rendered to cover all the interests in the lots in question.

On September 29, 1896, a judgment was rendered in favor of Stopp and Wilt for $725.90 compensation for the premises taken, together with the improvements thereon, and $1,274.10 for damages to the part not taken, and the improvements thereon. The part taken was a strip off the rear of said lots, which was occupied by a stable, and it was claimed in the submitted cause upon the bill of interpleader that the taking of said strip necessitated the destruction of said stable and the reconstruction thereof in order to furnish the property with stable and other facilities as before the taking. The necessary expenses of reconstruction were found by the chancellor in the interpleader suit to exceed the total amount which Wilt would realize from said award after deducting the costs and legal expenses of recovering and collecting said award.

.On December 22,:1896, the railroad company paid Wilt $300 on account of the judgment.   May 6, 1897, the company paid the balance of $1,700 to the county treasurer. After the money had been paid into the county treasury, controversy arose between Stopp and Wilt as to the ownership thereof; Stopp claiming that the money should be paid to him, because the condemnation judgment had reduced the value of his security; Wilt claiming that the money was his by virtue of the numerous assignments made by Stopp of all his rights and interests involved in said condemnation suit, and claiming also that it was necessary to use said money in the reconstruction of the premises, so as to make the same available and valuable to him. To settle this controversy this bill of interpleader was filed.

Appellee Wilt, tendered a bond on the hearing, to secure to Stopp that said money, less expenses, should all be used in the reconstruction of the premises, and in restoring the same to as valuable condition as before the condemnation suit.   On these facts the chancellor entered a decree in favor of Wilt in the interpleader suit, directing the fund in dispute to be paid to him, and also directing that appellant release to appellee, the Northwestern Elevated Ry. Co., the mortgage upon the property taken in the condemnation suit.   From this decree the appeal here is prosecuted.

Edw. U. Fliehmann, attorney for appellant.

. Edgar Bronson Tolman, attorney for appellees Charles T. Wilt and Charles T. Wilt, Jr.

L. W. Perce and B. C. Stidger, attorneys for appellee Northwestern Elevated Railroad Company.

Mr. Justice Sears delivered the opinion of the court.

The questions presented are as to the propriety of the, decree, first, in ordering the amount awarded in the condemnation proceeding to be paid to appellee Wilt, Jr., and, secondly, in ordering that appellant, Stopp, release the

mortgage upon the property taken in the condemnation suit by appellee, the Northwestern Elevated Railroad Company.

The first question depends for answer upon the effect which is to be given to the contract entered into between appellant and appellee Wilt, Jr., after the execution and delivery of the deed conveying the premises in question and mortgage upon same to secure part purchase money.

We can see no reason for construing this contract as other than a plain undertaking by appellant, Stopp, in consideration of the purchase of the property by Wilt, Jr., to relinquish to Wilt, Jr., all right to whatever moneys might be awarded in the condemnation proceeding, either for part taken, or as damages to the remainder of property in question. To give effect to this agreement the chancellor could not have decreed otherwise than was done as to the disposition of the money in the hands of the county treasurer.

It is true, as contended, that when the power of eminent domain is exercised, the fund paid stands in place of the land condemned, and a mortgagee's lien attaches to the fund, and the mortgagee is entitled to have the money in place of the land applied to the payment of his claim. Calumet River Ry. Co. v. Brown, 136 Ill. 322.

But here appellant, after he had ceased to be owner and had become a mortgagee, relinquished to Wilt, Jr., all claim, including as well that under his mortgage as any other, to the fund which stood in lieu of the mortgaged premises taken.

The giving of a bond to secure the disposition of this money in rebuilding, etc., was perhaps equitable and not improper to have been considered by the court under the informal submission of the controversy; but it was not necessary to support the decree awarding the disputed fund to appellee, Wilt, Jr.

The remaining question is as to that part of the decree which orders appellant to release the mortgage in question as to the part of the property taken by appellee, the railroad

company. We see no ground for such relief, nor is there any need of relief. The condemnation suit was pending as against Stopp, the owner, before the contract of sale was entered into by him, and before the mortgage was executed, which was made to carry out such contract. Appellee, the Northwestern Elevated R. R. Co., obtained, by judgment in the condemnation suit, all that it is entitled to as to this property. Under the law of eminent domain, it obtains no right to a deed by owner or release by mortgagee. The mortgagee, Stopp, having been a party to the condemnation suit, the effect of the judgment there was to remove the lien of the mortgage from the land taken to the fund awarded.

The decree is reversed as to so much thereof as directs the release of the mortgage to be executed, and is in all other respects affirmed. Reversed in part and affirmed in part.