## EDWARD J. STOPP

*v.*

## CHARLES T. WILT, Jr. *et al.*

*Opinion filed February 17, 1899.*

1. EMINENT DOMAIN—*when mortgagee cannot complain that the condemnation money is not paid to him.* A mortgagee cannot complain that the amount of a condemnation judgment against part of the property is not paid to him, to be applied on the mortgage, where the court finds that the entire amount is necessary to restore improvements destroyed, and orders the money paid to the mortgagor to be used for that purpose alone.

2. SAME—*when petitioner is not entitled to release of mortgage.* Upon the conveyance of property after proceedings to condemn a portion thereof have been instituted, the former owner having taken a mortgage back for deferred payments and released to the purchaser all claims against the condemnation petitioner, the condemnation judgment removes the mortgage lien from the portion condemned, and petitioner is not entitled to a formal release.

*Stopp* v. *Wilt,* 76 Ill. App. 531, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

EDW. U. FLIEHMANN, for appellant.

JUDSON F. GOING, and L. W. PERCE, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill in equity, begun in the superior court of Cook county by the Northwestern Elevated Railroad Company, against Edward J. Stopp and Charles T. Wilt, Jr., in the nature of a bill of interpleader, to determine the respective rights of the defendants in and to the sum of $2000, to be paid by complainant in response to a judgment rendered by the superior court of Cook county in an action by complainant to condemn a part of lots 20 and 23, in block 3, of Johnson, Roberts & Storr's addition

to Chicago. The defendants appeared and waived formal pleadings, and submitted the case to the court on a stipulation as to the facts.

The facts involved in the contention of the respective parties may be briefly stated, as follows: On December 24, 1895, the Northwestern Elevated Railroad Company filed a petition against appellant, Edward J. Stopp, in the superior court of Cook county, to condemn a part of the above described property, together with the improvements thereon. This property stood at the time in the name of and was owned by appellant. On March 30, 1896, he entered into a written agreement for the sale of this entire property to Charles T. Wilt, Jr., for a consideration of \$12,000, providing for a certain cash payment and the balance of \$8000 to be secured by a mortgage on the property by Wilt to Stopp. On April 8, 1896, appellant, Edward J. Stopp, and his wife, in pursuance of the contract of March 30, 1896, executed a conveyance of the property to Wilt, who in turn made certain payments of the purchase price and executed eight notes of \$1000 each, bearing interest at six per cent per annum, payable ten years after date, all secured by lots 20 and 23. At the same time, and as a part of the same transaction, appellant, Stopp, executed an instrument, as follows:

"Whereas, said parties did, on March 30, 1896, enter into a contract for the purchase, sale and exchange of certain property; and whereas, said contract has this day been consummated by the delivery of deeds thereunder and the payment of purchase money and the execution of the note and mortgages therein referred to; and whereas, also, the Northwestern Elevated Railroad Company brought a condemnation suit, to which said parties were parties defendant, to condemn a portion of said lots 20 and 23, etc., being the same property described in said contract of March 30, 1896; and whereas, also, it was a part of the understanding and agreement between the parties that all the rights, causes of action and remedies

which said Edward J. Stopp might have or be entitled
to against said railroad company in the above entitled
suit, or elsewhere or otherwise, should, as a part of said
sale and transfer, pass to the said Charles T. Wilt, Jr.:
Now, in consideration of the premises, said Edward J.
Stopp does hereby set over, assign and transfer to the
said Charles T. Wilt, Jr., all his right of action, causes
of action, claims and demands of every sort whatsoever
which he may now have against said Northwestern Ele-
vated Railroad Company, or which he had on the 25th
day of December, 1895, by reason of the condemnation
suit aforesaid, or which he may be hereinafter entitled
to, being as compensation for the taking of a portion
of said premises, by condemnation or otherwise, for the
construction of said road, and also for damages to the
remainder of said premises not taken, by reason of said
construction."

On September 29, 1896, a judgment was rendered in
favor of Stopp and Wilt, under a stipulation that their
interests should be tried together as one, for $725.90 as
compensation for the premises taken, together with the
improvements thereon, and $1274.10 for damages to the
part not taken, and the improvements thereon. The court
found that the part of the lots condemned was a strip off
the rear end, and the stipulation showed it was occupied
by a stable building used by Wilt in his business; that
the taking of this strip would necessitate the destruction
of the stable and the re-construction of the premises to
afford to Wilt the same facilities for room as he had be-
fore, and that to restore this property to as valuable a
condition as before would require the expenditure of more
than the amount obtained from the condemnation, after
deducting expenses of collecting that judgment.

On the hearing of the cause Wilt tendered a bond for
$2500 to secure the use of the condemnation money in re-
storing the premises to as valuable condition as before
the condemnation. This bond was accepted by the court

and ordered filed. The chancellor then rendered a decree
in favor of appellee Wilt, directing the fund in dispute
to be paid to him, and also directing appellant to release
the Northwestern Elevated Railroad Company from the
mortgage on the property condemned. The Appellate
Court affirmed the decision of the lower court awarding
the fund to Wilt, holding that after the transaction by
which Stopp deeded the property to Wilt and took a mort-
gage back in part payment of the purchase price, Stopp
relinquished all interest in the condemnation proceed-
ing to Wilt. The Appellate Court further held that the
Northwestern Elevated Railroad Company was not en-
titled to a release from the mortgage by Wilt to Stopp,
because the effect of the judgment in the condemnation
proceeding was to remove the lien.

It is earnestly insisted on behalf of appellant that the
contract between Stopp and Wilt of March 30, 1896, did
not relinquish the right the former had to the condemna-
tion fund, the argument being, that while he might have
waived his right to have this fund reserved for his se-
curity there is nothing in the agreement to this effect;
that the execution of the relinquishment was founded on
the same consideration as the agreement to convey and
was a part of the consideration of that agreement, and
was made simply to avoid any question that might arise
as to the right of Wilt to proceed with the condemnation
suit. It is undoubtedly true that, as a general rule, the
fund would stand in place of the mortgage, and the mort-
gagee would be entitled to have it applied on the mort-
gage debt, (*Calumet River Railway Co.* v. *Brown,* 136 Ill. 322,
and cases cited,) and there seems to be force in the con-
tention of counsel that this contract was not intended to
relinquish that right. The language is, however, suscep-
tible of the construction placed upon it by the Appellate
Court. If, however, that court was correct in the view
that the chancellor properly ordered the fund to be ex-
pended by Wilt, in re-building the barn, for the benefit of

the property, as we think it was, the construction of the contract insisted upon becomes immaterial. Certainly, appellant could not claim the money to be applied on his mortgage debt and at the same time Wilt be required to restore the premises to their former value. If this is done by Wilt, as the bond tendered and accepted provides, Stopp will have suffered no diminution of the security given him by his mortgage, and we see no reason why in this action the equities between the parties may not be adjusted in this manner.

We agree with the Appellate Court that it was unnecessary, under the circumstances of the case, for the mortgagee to execute a release of his mortgage to the railroad company to perfect the latter's title. The condemnation proceedings were sufficient.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*