Guaranty Loan & Trust Company *v.* Helena Improvement District.

Opinion delivered March 28, 1921.

1. Eminent domain—condemnation for levee purposes.—In a proceeding under Crawford & Moses' Digest, §§ 3933 *et seq.,* to condemn land for levee purposes, a proceeding not strictly in accordance with the statute, in that there was no appraisement, may be a substantial compliance therewith where defendant was served with process and appeared and filed answer.

2. Eminent domain—right of plaintiff to dismiss.—Under Crawford & Moses' Digest, § 3933 *et seq.,* one seeking condemnation of land for levee purposes can not withdraw from the proceeding after having taken advantage of the process of the court to obtain possession of the land, and the owner, on demand, has the right to a trial for the purpose of recovering damages without having to institute a separate action for that purpose.

3. Deeds—reservation or exception in favor of a stranger.—A reservation or exception in favor of a stranger is void or inoperative, and the grantee is not estopped to deny its efficacy.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

*Moore & Vineyard* and *Fink & Dinning,* for appellant.

1. The court erred in dismissing the action. There is nothing indefinite or uncertain as to the meaning of the deed known as Exhibit A, and it clearly shows on its face that the clause relied on by appellee applies only to the ground that was taken or being taken at the time of its execution, which was on November 30, 1898, and that it did not grant or undertake to grant or reserve for the benefit of any one whomsoever any future right to impair the integrity of the lots by taking or appropriating additional parts thereof. The words of the deed itself indicate this. "Now located and occupied" can have no other meaning or application than to the lease then located and placed on the premises. "To connect the levee on said premises with the line of levee now constructed and to be constructed" can mean only the same thing that there was a continuous levee of which the one across the premises formed a part and that on each side of the premises the levee connected up. The consideration mentioned in this deed is $7,500, and it is inconceivable that a purchaser would pay such a price and take nothing for it, which would be the case if the court's construction of the deed is correct. According to the contention of appellee, the grantees, Wiley and Crebs, took absolutely nothing by the deed of conveyance to it from the Cotton Oil Company. However, if the contention of appellant as above set forth as to the meaning of said deed is not correct, then the court erred in denying appellant the right to show by proof that the clause had reference solely to the date of its execution, that the levee intended had already been construed and connected, though this may not have been known to the grantor. There was a latent ambiguity and parol proof was admissible to explain. 10 R. C. L. 1067; *Ib.* 1065; 22 C. J. 1270; 40 Ark. 237; 98 *Id.* 544; 106 *Id.* 83; 93 *Id.* 191. Parol evidence

is admissible to explain something indefinite. 92 Ark. 504; 94 *Id.* 195; 78 *Id.* 586; 129 *Id.* 473.

2. The clause relied on by appellee, and upon which construction this action was dismissed by the court, is absolutely void. 30 Ark. 640. Nor was the cause a reservation, as it is repugnant to the granting and habendum clauses of the deed itself. 131 Ark. 103; 82 *Id.* 209.

3. Appellee being a stranger to the conveyance from the Cotton Oil Company to Wiley and Crebs, it has no legal right to make any claim for additional levee purposes out of the property in controversy, even if the deed had specifically provided for the taking of the same. A reservation to a stranger to a conveyance is void. Washburn on Real Property, § 2354; Devlin on Deeds, § 979; 100 Pa. St. 84; 11 Me. 278; 26 Am. Dec. 525.

McCulloch, C. J. Appellee, Helena Improvement District, is an improvement district created by a special statute enacted by the General Assembly of the year 1897 for the purpose of constructing a levee to protect property in and near the city of Helena. Later, other statutes were passed enlarging the powers of the district, but those statutes have no bearing on the present controversy, which is an action instituted by appellee against appellant to condemn a right-of-way across certain lots owned by appellee in the city of Helena for the purpose of "enlarging and strengthening the levee now surrounding said Helena Improvement District." The action was instituted in March, 1914, and after service of process on appellant the circuit judge made an order, on the application of appellee, fixing the amount of $500 to be deposited by appellee pending the final hearing of the cause. The amount so fixed by the circuit judge was deposited in accordance with the order, and appellee proceeded to appropriate the lands sought to be condemned.

Appellant filed an answer, alleging that it was the owner of the lots mentioned in the complaint, that the appropriation thereof by appellee for the purpose of enlarging and strengthening the levee would totally de-

stroy the value of the whole of the lots, and that appellant would, by reason of said appropriation, suffer damages in the sum of $10,000, for the recovery of which the answer contained a prayer.

At the October term, 1915, of the court, appellee filed an amendment to its complaint, alleging that appellant acquired title to said lots from G. W. Willey and D. H. Crebs, who obtained title under a deed to them from the Arkansas Cotton Oil Company, dated November 30, 1898, executed "subject to the right of public authorities to construct and maintain a levee over said lots as then constructed, located and occupied." Appellant answered the complaint as amended, denying that it acquired its title from Willey and Crebs or that under the terms of said deed appellant had acquired any rights to the use of the property.

The cause came on for hearing at the October term, 1920, of the Phillips Circuit Court, and, while the jury was being impaneled, counsel for appellee moved the court that the action "be dismissed on the pleadings and the deed exhibited with the complaint," referring to the deed from the Arkansas Cotton Oil Company to G. W. Willey and D. H. Crebs. Appellee was then permitted to introduce the deed in evidence, and the court, over the objections of appellant, rendered judgment dismissing the action.

It was expressly agreed by counsel for appellee during the proceedings that appellee had already taken possession of the property in controversy and constructed a levee thereon, after the institution of this action. Appellant filed its motion for a new trial, which was overruled, and prosecuted its appeal to this court. There is a bill of exceptions in the record reciting the proceedings before the trial court.

Condemnation proceedings by levee districts are regulated by a statute enacted by the General Assembly of the year 1905, now found in Crawford & Moses' Digest, § 3933 et seq. We held in the case of *Young* v. *Red*

*Fork Levee Dist.,* 124 Ark. 61, that this statute was general in its operation, and that it governed condemnation in all drainage and levee districts in the State, whether created under general statutes or by special statutes. Appellee does not seem to have proceeded strictly in accordance with this statute, but the proceedings are substantially in conformity therewith, except that there is no provision in the statute referred to for a preliminary deposit of an amount of damages estimated by the circuit judge. The statute in question provides, in substance, that there shall first be an appraisement by the appraisers appointed by the circuit judge, which said appraisement becomes final unless excepted to within the time prescribed by the statute. In this case there was no appraisement of the damages by a board of appraisers, but appellant was served with process and appeared and filed its answer, asking for the recovery of damages by reason of the appropriation of its property.

The statute provides that, "in case exceptions are filed by either party within the time herein prescribed, it shall be the duty of the clerk to docket the cause," and that "the award of the appraisers shall constitute all necessary pleadings in such procedings, and, in case a trial is demanded or requested by either party, the question shall be tried as other common law cases are tried, and the owner, or owners, of the land shall be entitled to recover the value of the land appropriated, or intended to be appropriated."

The judgment in the present case was literally one allowing the dismissal of the action, but it was in substance a judgment on the pleadings and exhibits. Treating it simply as an order permitting appellee as plaintiff to voluntarily dismiss the action, it was erroneous. Under the statute referred to, the party seeking the condemnation of property can not withdraw from the proceedings after having taken advantage of the process of the court to obtain possession of the land. The owner had, on demand, the right to a trial for the purpose of

recovering damages, and this right is given in that action without having to institute a separate action for that purpose.

Nor is the judgment correct if it be treated as a final one on the pleadings and exhibits. The deed executed by the Arkansas Cotton Oil Company to Willey and Crebs contained the following recital: "But this deed is made subject to the right of public authorities of the city of Helena, Arkansas, to maintain a levee over and across lots twenty-three (23), twenty-four (24), twenty-five (25), twenty-six (26), twenty-seven (27) and twenty-eight (28), as now located and occupied, and connect the levee on said lots with the line of levee now constructed and to be constructed, and to remove such portion of the said building as may be necessary to make such connection."

It does not anywhere appear in the pleadings or proof that appellant was privy to that deed, and it must be assumed, in the absence of a showing to that effect, that appellee was a stranger to it. A rule, apparently universal in its application, seems to be that "a reservation or exemption in favor of a stranger to a conveyance is void or inoperative," and that a grantee in a deed "containing a reservation or exception in favor of a stranger to the conveyance is not estopped to deny its efficacy." *Beardslee v. New Berlin Light & Power Company,* 207 N. Y. 34, 32 Am. & Eng. Ann. Cas., 1287.

In order to establish the right on the part of appellee to the use of the land in controversy without compensation to the owner, it would be necessary to show that it obtained said right from the owners in the chain of appellant's title prior to the conveyance to Willey and Crebs.

For the error in dismissing the action, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.