SCHICHTL *v.* HOME LIFE & ACCIDENT COMPANY.

Opinion delivered October 5, 1925.

MORTGAGES—RIGHT TO FOLLOW FUNDS DERIVED FROM CONDEMNATION PROCEEDING.—Where a mortgagee, knowing of condemnation proceeding against the mortgaged property, though not a party thereto, permitted the mortgagor to receive the funds so received and to use them in improving the mortgaged property and in the purchase of a home elsewhere, and thereafter proceeded to foreclose his mortgages on the property, it will not be permitted thereafter to assert a lien on the homestead property acquired with such funds.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Mann & McCulloch,* for appellant.

*John M. Rose,* for appellee.

McCULLOCH, C. J. This is an action instituted by appellee in the chancery court of Pulaski County against appellants, J. N. Schichtl and his wife, Annie Gertrude Schichtl, to enforce an asserted lien against certain real estate in the city of Little Rock, the legal title to which is in Mrs. Schichtl and constitutes her homestead. There was a decree in favor of appellee declaring a lien on the

property in question, and an appeal has been prosecuted to this court from that decree.

The facts as established by the preponderance of the evidence, though in some instances disputed, are as follows:   Prior to the acquisition, in the year 1922, of the property in controversy, the Schichtls resided in Lee County, Arkansas, and J. N. Schichtl was the owner of two large tracts of farm land, one containing about six hundred acres, known as the Sullivan place, and the other containing something over 1100 acres known as the Highland place.   Schichtl purchased the Sullivan place in August, 1919, from J. K. Sullivan, the then owner, for the price of $40,000, and paid $10,000 cash and executed three equal notes, payable annually, for the remainder of the purchase price and executed a mortgage on the land to secure the notes.   These notes were sold and transferred by Sullivan to appellee.   About the same time Schichtl purchased the Highland place, which adjoins the Sullivan place, the purchase price being $28,500, and he paid all of it except $5,000, a mortgage being given to secure a note for that amount, and that note was also sold and transferred by the holder to appellee.

Both of the tracts of land in question were operated as farms, a portion of each being in cultivation.   Both of the farms fronted on the Mississippi River and were in the route of the levee constructed and maintained by the St. Francis Levee District.   In the year 1920 the board of directors of the St. Francis Levee District, in accordance with a proposed plan to extend and enlarge the levee along the Mississippi River in the southern part of Lee County, instituted statutory proceedings against Schichtl to condemn a right-of-way through the lands referred to, and Schichtl was made a party to, and notified of, the proceedings, but appellee as the holder of the mortgage notes referred to above was not made a party and was not given any legal notice of the proceedings.   There was involved in the condemnation proceedings forty-seven acres of the Highland place and twenty-six acres of the Sullivan place, and there was an

award of damages in favor of Schichtl in the gross sum of $19,570.66, of which the sum of $5,665.75 was for the value of the lands taken from the Sullivan place, and the remainder was for the value of lands taken from the Highland place. A check for the gross amount was delivered by the Levee District to Schichtl on March 8, 1922, and he deposited the check to his own checking account in a bank in Marianna with which he had been a depositor for many years.

On March 29, 1922, the property in Little Rock, which consisted of a lot and a residence building, was purchased and title taken in the name of Mrs. Schichtl. The price of the property was $7,000, which was paid by a check drawn by J. N. Schichtl on the funds deposited to his own credit in the Marianna bank—the deposit which consisted of the check from the St. Francis Levee District. Schichtl and his wife moved to Little Rock immediately and established their homestead on the property in question and have so occupied it continuously since that time. Nothing had been paid on either of the principal notes held by appellee, but Schichtl had paid interest amounting to $4,100, having borrowed that sum from the bank at Marianna where this deposit was made, and the funds thus borrowed were repaid to the bank out of the deposit referred to above. It is also undisputed that Schichtl expended about $9,000 in permanent improvements on the two farms mentioned, some of it on one place and some of it on the other. At the time of the deposit of these funds in the bank at Marianna the Schichtl notes owned by appellee were in the hands of the bank for collection, and the bank officials had, at the direction of the appellee, been importuning Schichtl for payment. The officials of the bank, as well as the agent of appellee in Little Rock who had charge of these collections, were apprised of the pendency of the condemnation proceedings instituted by the St. Francis Levee District against Schichtl, but no steps were taken by appellee to assert its lien on the lands sought to be taken or to arrest payment of the funds

to Schichtl. The testimony shows, however, that Schichtl promised to make a substantial payment to appellee out of the funds to be paid by the St. Francis Levee District on the award. This was not done, however, and the money was used by Schichtl for other purposes, namely, for the making of improvements on the places, the repayment of the amount borrowed from the bank to use in paying interest to appellee, and in the purchase of the Little Rock property now in controversy.

In June, 1922, appellee commenced an action in the chancery court of Lee County against Schichtl to foreclose the liens on the Sullivan place and the Highland place according to the descriptions in the mortgage, which included the lands taken under condemnation. A decree in favor of appellee was rendered for the amount of the debt and accrued interest on the Sullivan place, amounting to $31,450, and on the Highland place for the sum of about $5000. Mrs. Schichtl was made party defendant to that action for the purpose of barring her right of dower, and there was a personal decree against J. N. Schichtl for the respective amounts mentioned above, and a mortgage lien was declared on the lands, and the same were ordered sold to pay the debts. At the sale by the commissioner appellee purchased the Sullivan place for the price of $15,000, leaving a deficiency judgment against Schichtl in the sum of $16,450, and purchased the Highland place at the price of $5,000, the full amount of the decree against that place. According to the undisputed evidence in the case, the Sullivan place at the time of the sale and at the time of the trial of this cause below was of the value of thirty to thirty-five thousand dollars, and the Highland place was of the value of twenty to twenty-five thousand dollars. The merchantable timber on the Highland place at that time was shown to be of the value of $2,000, and was sold by appellee to a timber dealer for that sum.

Subsequent to the confirmation of the sale and the conveyance of the land by the commissioner to appellee, appellee instituted the present action, asserting a lien

on the Little Rock property in controversy on the ground that its mortgage lien extended to the funds used in the purchase of the property which were a portion of the award of damages to Schichtl for the taking of his property in the condemnation proceedings. The contention of appellee is that, notwithstanding the fact that appellee was not made a party to the condemnation proceedings, the funds paid by the St. Francis Levee District in satisfaction of the award became subject to a lien in lieu of the lien on the land, and that appellee was entitled to trace and follow the funds into the property purchased in Mrs. Schichtl's name and to enforce it against that property. On the other hand, appellants plead, among other things, that appellee waived its right to claim the funds awarded in the condemnation proceedings by knowingly permitting the consummation of the proceedings and an award and payment thereof to Schichtl and by proceeding to foreclose the mortgage on all of the lands, including the parts condemned, and that appellee is thereby estopped to assert a lien on the property purchased with a portion of the funds.

Our conclusion is that the contention of appellants is sound, and that the chancery court erred in declining to sustain it. The rights of a mortgagee who has been omitted from the proceedings to condemn a portion of the mortgaged property are correctly stated in 19 R. C. L., p. 344, as follows:

"And in the jurisdictions where notice of the condemnation proceedings must be given to a mortgagee, as being considered an 'owner' or by reason of the language of the statute, in the absence of notice he is not bound by the proceedings, and his lien on the land is not affected. Hence, when the condemner has, under such circumstances, made payment to the mortgagor, the mortgagee can compel a second payment to himself, or foreclose on the land taken, though he must first resort to the land remaining after the condemnation. When a mortgagee resorts to such property as remains unaffected by the condemnation proceedings, and thereby through fore-

closure satisfies the debt secured, with costs and charges, his lien on the award terminates, though it may be otherwise if there is a deficiency.''

The statutes of this State authorizing condemnation proceedings by levee and drainage districts (Crawford & Moses' Digest, § 3935) require that all known interested parties shall be notified by actual service of process, and unknown and non-resident parties by publication of warning order, and this court has decided that all persons interested in the lands must be notified in the manner provided by statute, and that, if the condemner pays the award without giving such notice, it does so at its peril. *Young* v. *Red Fork Levee District,* 124 Ark. 61. The rule has been announced by this court in other cases that the mortgagee or other omitted party cannot be deprived of his superior lien by condemnation and award made without notice. *Organ* v. *Memphis & Little Rock R. Co.,* 51 Ark. 325; *Hare* v. *Ft. Smith & Warren R. Co.,* 104 Ark. 187. The ruling in Ruling Case Law as stated above is in accordance with our statute and with the rule announced in the decisions of this court. It is a mooted question, however, whether or not a mortgagee who has been omitted from the condemnation proceedings can pursue the funds paid over to the mortgagor on the award, or whether a mortgagee is confined to its remedy against the condemner. We pretermit any discussion of that question, for, as before stated, we are of the opinion that appellee, under the facts of this case, has by estoppel waived its right to pursue the funds paid over to the mortgagor and assert a lien thereon.

According to the preponderance of the evidence in the case, appellee knew of the pendency of the condemnation proceedings, knew that it was omitted from those proceedings, and that the funds were to be paid over to E. Schichtl, and of his failure to pay any of it on the mortgage debt, and, after the funds had actually been paid over to Schichtl and deposited in the bank, it permitted Schichtl to use the funds, partly in improving the mort-

gaged farms and enhancing the value thereof and in the purchase of Little Rock property for use as a homestead, and then appellee proceeded to foreclose the mortgages on all of the lands, including that part condemned, and to purchase the same at less than half the actual value. With knowledge of all the facts, appellee elected to proceed against the condemned lands without asserting any lien, and, after securing all the advantages of that proceeding, it is too late now to assert a lien on the property purchased by some of the funds awarded in the condemnation. Appellee accepted all the benefits by foreclosure on the lands, the value of which had been enhanced by permanent improvements made by funds from the award in excess of that portion which was derived from the condemnation of the Sullivan place, and it would not be in accordance with the principles of equity to permit appellee to take advantage of that fact and then to turn and claim that the particular amount of the funds derived from that source were used in purchasing the Little Rock property. *Stopp* v. *Wilt,* 177 Ill. 620.

We are of the opinion therefore that the chancellor erred in his conclusion, so the decree is reversed, and the cause remanded with directions to dismiss the complaint for want of equity.

WOOD, J., dissents.