BOARD OF DIRECTORS ST. FRANCIS LEVEE DISTRICT v. HOME LIFE & ACCIDENT COMPANY.

Opinion delivered March 5, 1928.

1. EMINENT DOMAIN—LIMITATION OF ACTION FOR TAKING OF LAND.— Under Crawford & Moses' Dig., §§ 3940, 3942, an action to recover damages for the taking of land by a levee or drainage district must be brought within one year after construction of the levee.
2. EMINENT DOMAIN—PERSONS BOUND BY CONDEMNATION PROCEEDINGS.—A mortgagee, not included in or notified of proceedings for condemnation of land by a levee district, was not bound nor his lien affected by such proceedings, and hence he was not prevented by payment of damages to the mortgagor from compelling a second payment to himself, although he would be first required to resort to the land remaining after condemnation.

Appeal from Lee Chancery Court; A. L. Hutchins, Chancellor; reversed.

STATEMENT OF FACTS.

This appeal was prosecuted from a judgment recovered against the appellant for damages awarded for lands condemned for levee purposes.

John N. Schichtl conveyed by deed of trust the Sullivan place, in Lee County, including the lands condemned, on August 19, 1919, to J. K. Sullivan, to secure the payment of three $10,000 promissory notes, the last due January 18, 1923. The notes and the mortgage were assigned to appellee on September 30, 1919, and it was the owner thereof on September 20, 1922. On April 13, 1920,

the appellant levee district proceeded to the condemnation of a strip of land 500 feet in width across part of the lands included in the mortgage, for levee purposes.

Schichtl, who appeared in the suit, filed exceptions to the report of the appraisers, and, on April 11, 1921, in the trial, judgment was rendered in his favor against the levee district for the sum of $19,580.71 damages for approximately 83 acres of additional right-of-way across the south half of section 27, north half of section 34, and the northeast quarter of section 33, township 2 north, range 5 east. The district paid said sum, with interest, on February 24, 1922, to said Schichtl, and the judgment was marked satisfied in full on that day.

The appellee alleged it was entitled, being the owner of the indebtedness and the mortgage securing same, to recover damages proportionately for 26 acres of the land condemned, included in its mortgage, of the value of $5,665.75, with interest. Appellee brought suit to foreclose its mortgage on June 22, 1922, and secured a judgment therefor on September 27, 1922, against Schichtl for $31,950, with an order of sale. The lands were sold and purchased by appellee for $15,000, which was credited on the judgment against Schichtl, who has been insolvent since the foreclosure of said mortgage, leaving a balance due on the judgment of $16,950.

The answer admitted the ownership of the lands by Schichtl on August 19, 1919, but denied any knowledge of their having been mortgaged and the transfer of the mortgage to appellee; admitted that on April 13, 1920, it proceeded to the condemnation of the lands, but denied that summons was issued for Schichtl, who appeared and filed exceptions to the board of appraisers, and denied that judgment was rendered on April 11, 1921, and that same had been satisfied; admitted that the proportionate part of the land condemned, included in the mortgage, was 15 acres, but denied any indebtedness to the plaintiff; admitted the foreclosure of the mortgage, the sale, and purchase of the lands by appellee. Appellant denied the insolvency of Schichtl; admitted that it

appropriated or condemned the 500 feet of land and additional width for levee purposes; alleged that, if appellee had any right of action to any of the damages awarded for the lands condemned, it was barred by the three-year statute of limitations (§ 6950), and the one-year statute of limitations (§ 3942, C. & M. Digest); also pleaded estoppel against appellant, alleging that it had permitted Schichtl to collect the entire amount awarded for damages, and elected to pursue its remedy against him therefor, and asked that the suit be transferred to equity.

The case was tried on an agreed statement of facts, showing the execution of the mortgage, the record thereof, the assignment of the notes and mortgage to appellee, the foreclosure thereof, the purchase of the lands, the condemnation of the lands by the levee district, and payment of the damages to the mortgagor, and the satisfaction of the judgment.

There was testimony tending to show that appellee, the holder of the mortgage, had knowledge of the condemnation proceedings and judgment rendered, although it was not a party thereto nor summoned therein, and from the judgment against it the levee district prosecutes this appeal.

*Wils Davis, Sam Costen* and *Mann & McCulloch,* for appellant.

*Daggett & Daggett,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in not holding the claim barred by the statute of limitations, and its contention must be sustained.

Our statute provides the remedy of the landowner where the board of directors of a levee or drainage district have appropriated or condemned lands for the construction or maintenance of levees or ditches, and that all actions for recovery of damages against such districts for the appropriation of lands shall be instituted within one year after the construction of the levee or drains, and not thereafter.    Sections 3940, 3942, C. & M. Digest.

Appellee, the mortgagee of the lands, not having been included in the proceedings for the condemnation thereof, was not bound thereby, and his lien on the land not affected, not having been given notice of such proceedings, and the payment of the damages by the condemnor, under such circumstances, to the mortgagor, could not prevent the mortgagee from compelling a second payment to himself or foreclosure on the land taken for the improvement, although he would first be required to resort to the land remaining after the condemnation. *Schichtl* v. *Home Life & Accident Co.,* 169 Ark. 415, 275 S. W. 745.

The mortgagee should have been made a party to the condemnation proceedings, and notified thereof in the manner provided by statute, and could not be deprived of its superior lien by condemnation and award made without notice, and the payment of any such award was at the peril of the condemnor.

The mortgagee, although not bound by the condemnation proceedings, not being a party thereto and having no notice thereof, could have proceeded, after the foreclosure of his lien and the purchase of the lands, to the collection of the amount of damages for the land condemned for payment of his deficiency judgment. He must have done this, however, within the time provided by law for the bringing of such suits, one year after the construction of the levee, and, not having done so, the suit being brought more than one year and eight months after its construction, the statute being pleaded, his cause of action was barred, and the court erred in holding otherwise. *Young* v. *Red Fork Levee District,* 124 Ark. 61, 186 S. W. 604; *Guaranty L. & T. Co.* v. *Helena,* 148 Ark. 56, 228 S. W. 1045.

Having held that the appellee was not entitled to recover, his cause of action being barred by the statute of limitations, we need not discuss the other questions raised.

For the error designated the decree will be reversed, and the cause dismissed for want of equity. It is so ordered.