## BOARD OF DIRECTORS OF CRAWFORD COUNTY LEVEE DIST. v. WHITESIDE et al.

### Civ. 861.

United States District Court
W. D. Arkansas, Fort Smith Division.

Nov. 25, 1949.

Partain, Agee & Partain, Van Buren, Arkansas, for plaintiff.

Grant & Rose, Fort Smith, Arkansas, for the removing defendant Virginia B. Whiteside.

JOHN E. MILLER, District Judge.

A motion to remand filed by the plaintiff on November 12, 1949, is before the Court for consideration and determination.

The facts, stated chronologically, are as follows:

On July 26, 1949, the plaintiff, in accordance with the provisions of Act 177 of the Acts of the General Assembly of Arkansas for the year 1945, Arkansas Statutes 1947, Sections 35-1101 to 35-1111, both inclusive, filed its petition in the Crawford Circuit Court for condemnation of certain lands within the Crawford County Levee District in Crawford County, Arkansas. The petition and proceedings had in the Circuit Court were in strict compliance with the statute referred to above.

One of the tracts sought to be condemned is owned by the defendant, Virginia B. Whiteside, upon which the defendant, Connecticut General Life Insurance Company, holds a mortgage or deed of trust dated December 5, 1944, and of record in the Office of the Circuit Clerk and Ex-Officio Recorder of Crawford County, Arkansas, in Mortgage Record Book 159 at Page 275, and the defendant, Connecticut General Life Insurance Company, was made a party defendant because of said mortgage or deed of trust.

The appraisers that had been appointed by the Judge of the Crawford Circuit Court appraised the land and filed their report with the Clerk of the Court as provided by the applicable statute. Summons was issued on July 26, 1949, and served by the Sheriff of Crawford County, Arkansas, on the resident defendants, and a warning order, in accordance with the terms of the statute, was issued on July 26, 1949, against the non-resident defendants, Virginia B. Whiteside and Connecticut General Life Insurance Company, and was published in the Van Buren Weekly Press-Argus, a newspaper having general circulation in Crawford County, Arkansas. The first publication of the warning order was on July 29, 1949, and the last on August 19, 1949.

On August 2, 1949, the defendant, Virginia B. Whiteside, filed herein a petition for removal and alleged that she is a citizen and resident of the State of Oklahoma and that the matter in controversy exceeds the sum of $3,000.00, exclusive of interest and costs. She further alleged in her petition that she is the owner of Tract No. 1 described in the petition for condemnation, "but that said tract of land and other lands belonging to said defendant are included in a mortgage and deed of trust to the defendant, Connecticut General Life Insurance Company, a Connecticut corporation, which mortgage and deed of trust is dated December 5, 1944, and filed for record and recorded in the Office of the Circuit Clerk and Ex-Officio Recorder of Crawford County, Arkansas, on December 28, 1944, where

it now appears of record in Mortgage Record 159 at Page 275."

On August 27, 1949, the defendant, Virginia B. Whiteside, filed herein her separate answer and objections, as provided by the statute, in which she objected to the condemnation of the land by the plaintiff and alleged that the action of the Crawford Circuit Court in entertaining the petition for condemnation and the proceedings had thereon were null and void and deprived her, without due process of law, of her property in violation of Article 2, Section 8 of the Constitution of the State of Arkansas and of Articles 5 and 14 of the Constitution of the United States.

The prayer of her objections and answer is that her objections be sustained and that the order of the Circuit Court of Crawford County be canceled, set aside and held for naught.

The motion to remand alleges that the petition for removal shows on its face that the cause is not removable and that the defendants in the action brought in the Crawford Circuit Court have not filed in this Court, within the time provided by law, their petition for removal.

The non-resident defendant, Connecticut General Life Insurance Company, a Connecticut corporation, has not filed a petition for removal and did not join in the petition for removal filed by the non-resident defendant, Virginia B. Whiteside.

The amount of land sought to be condemned is approximately 200 acres and exceeds in value the sum of $3,000.00. The defendant, Connecticut General Life Insurance Company, is a mortgagee of the lands sought to be condemned and is an indispensable party to the condemnation proceeding. Schichtl v. Home Life & Accident Company, 169 Ark. 415, 275 S.W. 745; Board of Directors of St. Francis Levee District v. Home Life & Accident Company, 176 Ark. 558, 3 S.W.2d 967. At the time the petition for removal was filed by the defendant, Virginia B. Whiteside, notice had been given to the defendant, Connecticut General Life Insurance Company, as provided by the statute. In condemnation cases the mortgagee cannot be deprived of its lien by such proceedings without notice and, in order for the plaintiff to acquire title to the property sought to be condemned, it was necessary that the mortgagee be made a party, as was done by plaintiff.

Section 1441(a) of Title 28 United States Code Annotated, provides:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

This is a revision of Section 71 of Title 28, U.S.C.A., Judicial Code, § 28, as amended, which Section provided that causes "may be removed by the defendant or the defendants". It has been almost universally held that where several defendants are jointly sued on a joint cause of action in a state court such suit cannot be removed to a Federal Court unless all of the defendants join in the removal. Wright v. Missouri-Pacific Railroad Company et al., 8 Cir., 98 F.2d 34; Chicago, Rock Island & Pacific Railway Company v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055. The provisions of Section 71 of Title 28, U.S.C.A., 1940 Ed., providing for the removal by a non-resident defendant where there was a separate controversy wholly between citizens of different states, have been superseded by Subsection (c) of Section 1441, Title 28 United States Code Annotated, effective September 1, 1948. That subsection reads as follows:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Thus, now a separate cause of action may be removed but not a separable controversy unless it constitutes a separate

72

and independent claim or cause of action within the original jurisdiction of the United States District Courts. The petition for condemnation of the land owned by the defendant, Virginia B. Whiteside, states a separate cause of action as to the land owned by the other non-resident defendants, but insofar as the non-resident defendant, Connecticut General Life Insurance Company, is concerned the cause of action against it and the defendant, Virginia B. Whiteside, involves the same land and is one and the same cause of action and, therefore, it was necessary for the mortgagee, the defendant Connecticut General Life Insurance Company, to join in the petition for removal.

Both non-resident defendants were owners of the land sought to be condemned and, for the condemnation to be effective, it was necessary for the interest of both owners to be acquired and, even under the statute prior to its revision, no separable controversy would have existed so as to entitle either the defendant, Virginia B. Whiteside, or the defendant, Connecticut General Life Insurance Company, to remove the case independently of the other joining in the petition for removal. In re City of Seattle, D.C., 237 F. 100.

▮ Under the provisions of Section 1446, Title 28 U.S.C.A., as amended by the Act of May 24, 1949, the defendant, Connecticut General Life Insurance Company, cannot now file a petition for removal and, since it did not join with the defendant, Virginia B. Whiteside, in her petition for removal, the motion to remand should be granted.

In Johnson v. Marsh, D.C.Neb., 49 F. Supp. 137, 141, in an opinion rendered March 18, 1943, Judge Delehant said:

"In the absence of a separable controversy it is necessary to removal that all the defendants properly included by the plaintiff in the action join in the petition for removal and be lawfully entitled to remove. And by the same reasoning and upon the same principles, if there be a separable controversy all the defendants properly involved in that controversy must petition

for, and be qualified to seek, removal." (Citing cases.)

Therefore, an order is being entered today granting the motion to remand.