THE STATE OF NEVADA, Ex Rel. Its Department of Highways, Appellant, *v.* RUTH GARFINKLE OLSEN and WILLIAM HADLEY, Respondents.

No. 4172

February 3, 1959                    334 P.2d 847

(See also 76 Nev. _____.)

*William E. Freedman,* Deputy Attorney General, for Appellant.

*Ernest S. Brown,* of Reno, for Respondent Ruth Garfinkle; *William L. Hammersmith,* of Reno, for Respondent William Hadley.

**OPINION**

*Per Curiam:*

This appeal involves a judgment of condemnation granted by the trial court. The State has taken this appeal from the award of compensation. The matter is now before us on a preliminary application.

On December 8, 1958, one week after the taking of the appeal, the clerk of the court below issued a writ of execution to the defendant-respondents. The State sought to quash the writ and the court below has denied a motion to this effect. The State then applied to this court for a writ of supersedeas in order that execution might be stayed pending this appeal.

The writ of execution must be quashed for the reason that execution cannot properly be levied against the State in the absence of statute granting such right. See 21 Am.Jur., Executions, secs. 32, 457; Anno. 42 A.L.R. 1464. Such legislation is not to be found in this State.

Respondents oppose the application for a supersedeas, contending that under NRS 37.170 the State should be

compelled in the alternative to relinquish possession of the premises or to pay into court the sums specified in that section.

If there be merit in respondents' contention the matter could be presented to the trial court. The issue is not properly before us in these proceedings which relate solely to the propriety of execution.

IT IS ORDERED that the writ of execution issued out of the court below be quashed.