HENRY E. HEIDENREICH AND MINNIE E. HEIDENREICH, HIS WIFE, PETITIONERS, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE CLEL GEORGETTA, DISTRICT JUDGE, RESPONDENTS.

No. 4305

May 13, 1960                    352 P.2d 249

*Ernest S. Brown* and *Jack I. McAuliffe,* of Reno, for Petitioners.

*Roger D. Foley,* Attorney General, *William E. Freedman* and *Earl Monsey,* Deputy Attorneys General, for Respondents.

## OPINION

By the Court, BADT, J.:

Petitioners seek a writ of certiorari to review the action of the respondent district court in entering an order for the immediate occupancy of the premises in which petitioners own an interest, in a proceeding in eminent domain. Such proceeding was commenced by the State of Nevada on relation of its Department of Highways seeking to condemn the land for highway purposes. The order of immediate occupancy was supported by the pledge of the public faith and credit of the State of Nevada for the payment of damages, in lieu of bond.

The main question of law presented is whether the order, based upon such pledge, is sufficient to satisfy the requirement of Article 1, section 8, of the Nevada constitution, reading as follows: "nor shall private property be taken for public use without just compensation having been first made, or secured * * *."

It is the contention of petitioners that the mere pledge of the full faith and credit of the state is not such security as contemplated by the constitution, in that there is no adequate provision for enforcing the pledge.

To substantiate the contention that no adequate provision has been made for enforcing the pledge, petitioners assert (1) that it cannot be enforced by writ of execution (State ex rel. Department of Highways v. Olsen, 75 Nev. 75, 334 P.2d 847); (2) that it cannot be enforced by mandamus against the state treasurer or state controller to compel the payment of unliquidated damages (State ex rel. Davis v. Eggers, 29 Nev. 469, 91 P. 819, 16 L.R.A., N.S., 630); (3) nor can it be enforced by an action against the state in absence of its waiver of its sovereign immunity from suit. Determination of these questions requires an examination of the statutes involved.

Provisions concerning the exercise of the right of

eminent domain are contained in NRS, chapter 37. Provisions for obtaining an order permitting occupancy pending entry of judgment are for the most part contained in NRS 37.100, although other sections of the chapter bear directly upon the matter under consideration. Subsection 1 of section 37.100 permits the plaintiff to move for an order permitting such occupancy. Subsection 2 requires the court or judge to take proof and to grant or refuse the motion according to the equity of the case and the relative damages which may accrue to the parties. Subsection 3 requires the filing of a bond in a penal sum to be fixed by the court conditioned to pay the adjudged value of the premises, all damages in case the property is condemned, "and to pay all damages arising from occupation before judgment in case the premises are not condemned * * *." Subsection 4 permits the deposit of money in court in lieu of bond and provides for manner of withdrawal thereof by the defendant, etc. Subsection 5 provides that the amount fixed for the bond or the deposit shall be only for the purposes of the motion for an order of immediate occupancy and shall not be admissible in evidence on final hearing. Subsection 6 permits the court to restrain the defendant from interfering with the plaintiff's occupancy. Subsection 7 reads: "The provisions of this section requiring the execution and filing of a bond shall not apply in any action or proceeding in which the State of Nevada is the plaintiff, but the public faith and credit of the State of Nevada is hereby pledged as security in lieu of the bond."

NRS 37.180 provides that the plaintiff may abandon the condemnation proceedings upon notice and motion, upon which judgment may be entered dismissing the proceeding and awarding the defendants their costs and disbursements, including expenses incurred in preparing for trial and reasonable attorney fees. Subsection 2 of this section reads: "If the plaintiff has been placed in possession of the premises under the provisions of NRS 37.100 to 37.170, inclusive, the defendant is entitled to all damages arising from such occupancy."

Petitioners assert that section 37.180 presents no procedure to determine the amount of damages to which they are "entitled," or how they may receive or recover it. We may assume as contended by petitioners, that mandamus against the state controller to issue his warrant in any sum upon such an unliquidated claim would not lie. However, we see no reason why the amount of petitioners' damages, on abandonment by the state of its condemnation proceeding and surrender of the occupied premises, should not be determined by the same court in the same action, resulting in a judgment for a precise amount in favor of petitioners, which would be recognized by the state controller by the issuance of his warrant upon the state treasurer, and which would, in the event of the state controller's refusal, be enforced by mandamus. State ex rel. Decker v. Yelle, 191 Wash. 397, 71 P.2d 379; State ex rel. Peel v. Clausen, 94 Wash. 166, 162 P. 1. NRS, chapter 37, is replete with provisions indicating that all damages accruing to petitioners by reason of the condemnation shall be determined by the court in that same proceeding.[1]

In Guaranty Loan & Trust Co. v. Helena Improv. Dist. No. 1, 148 Ark. 56, 228 S.W. 1045, the court said: "[A]n order permitting the appellee as plaintiff to voluntarily

[1]Section 37.009, in defining the terms used in the chapter, says that "judgment" means the judgment determining the right to condemn property "and fixing the amount of compensation to be paid by the plaintiff." Section 37.080 provides for the appearance of any persons having an interest in "the damages for the taking." Section 37.090 defines the power of the court or judge in the proceeding, among other things, to hear and determine all claims to the damages to the property sought to be condemned. Section 37.100 permits the pledging by the plaintiff of the public faith and credit of the state as security in lieu of the bond, which is conditioned, among other things, "to pay all damages arising from occupation before judgment in case the premises are not condemned * * *." Section 37.110 requires the court, jury, commissioners, or master to take testimony, ascertain and assess, not only the value of the property sought to be condemned, but the damages resulting from the severance or damages resulting even if no part of the property is taken. Section 37.120 defines when such damages are deemed to accrue. Section 37.180, as above noted, provides in general terms that if the plaintiff has been placed in possession, "the defendant is entitled to all damages arising from such occupancy."

dismiss the action * * * was erroneous. Under the statute referred to, the party seeking the condemnation of property cannot withdraw from the proceedings after having taken advantage of the process of the court to obtain possession of the land. The owner had, on demand, the right to a trial for the purpose of recovering damages, and this right is given in that action without having to institute a separate action for that purpose."

It is therefore clearly evident to us that, despite absence of any express provision in NRS 37.180 as to the precise procedure under which the condemnees might call up for hearing and determination the amount of damages suffered by them by reason of the occupancy of the condemnor, in the event of any abandonment of the proceedings by the condemnor, the setting of this issue for hearing could be compelled by the court.

With the availability then of liquidating the damages of petitioners and the consequent availability of mandamus if the state controller should refuse to recognize the solemn judgment of the court, we are satisfied that petitioners' main contention is without merit. Nor should we fail to remark that even if a bond were given, there would still have to be an ascertainment of the damages, if any, in the event condemnation should ultimately be denied, or in the event the proceedings should be abandoned.

None of these procedures would necessitate an action against the state and so the question of the sovereign immunity from suit need not be considered.[2] This conclusion is further reinforced by the fact that when the state has initiated and voluntarily made itself a party, not only to the condemnation it sought but to the fixing of the damages resulting therefrom, it has thus voluntarily made itself plaintiff as to one phase of the litigation and defendant as to another phase and cannot be

---

[2]But see NRS 408.975 permitting the filing of a claim for damages with the state highway department, the payment thereof, if approved, out of the state highway fund, and permitting any person aggrieved by an adverse determination to commence an action for the recovery thereof.

heard to assert that it may remain in court in the one capacity but withdraw in the other. Moyle v. Salt Lake City, 111 Utah 201, 176 P.2d 882, 887. The court there said, citing authorities, "Under general principles, as well as under our statute, the condemnor cannot deprive the owner of compensation by dismissal after possession has been taken." See also Guaranty Loan & Trust Co. v. Helena Improv. Dist. No. 1, supra.

Petitioners assert however that they are still without adequate remedy; that the state controller would be prohibited from issuing his warrant to pay the damages awarded by the court by reason of the provisions of Article 4, section 19, of the state constitution, reading as follows: "No money shall be drawn from the treasury but in consequence of appropriations made by law." State ex rel. Davis v. Eggers, 29 Nev. 469, 91 P. 819, 820, 16 L.R.A., N.S., 630, upon which reliance is placed in support of this contention, is not in point. It is true that this court denied mandamus in that case so far as concerned the payment of the unliquidated and unlimited traveling expenses of the chairman of the State Industrial and Publicity Commission created by the legislature, but it did direct the issuance of a writ of mandate compelling the state controller to draw his warrant upon the state treasurer in favor of the plaintiff for his salary.[3] In State ex rel. Decker v. Yelle, 191 Wash. 397, 71 P.2d 379, 380, the Supreme Court of Washington found no inconsistency between the constitutional restrictions against withdrawal of moneys from the treasury other than by appropriation made by law, on the one hand, and that provision, on the other hand,

---

[3] We do not deal at length with the opinion in State v. Eggers, but since it deals with Article 4, section 19, of the constitution prohibiting money to be drawn from the treasury, "but in consequence of appropriations made by law," and since it contains expressions to the effect that "all appropriations must be within the legislative will," we refer to NRS 408.970 under whose provisions the state highway department is authorized to acquire privately owned property necessary for highway construction and to exercise, on behalf of the state, the power of eminent domain for the purpose. Subsection 4 provides that the cost thereof "shall be paid out of the state highway fund."

"essential to the existence of free government," that private property may not be appropriated for public use without just compensation. We agree with that court's conclusion that, while respecting the reservation to the legislature of the exclusive power of deciding how, when, and for what purpose public funds should be used by governmental agencies in carrying on the state's business, it was never intended that such provision should be a bar to the protection of the citizens against the abuse or misuse of the power of eminent domain, an inherent attribute of the state's sovereignty, by appropriating the citizen's property and then remitting him to succeeding legislatures for compensation.

Petitioners further contend that the respondent court acted in excess of its jurisdiction in granting the state the right to immediate entry and possession without first finding and determining the damages occasioned thereby to petitioners, and that in such respect the court disregarded the requirements of NRS 37.100, subsection 2. This requirement however is only for the purpose of determining the amount of bond to be fixed by the court, and is not applicable where the public faith and credit of the state are pledged as security in lieu of bond.

The petition for certiorari is denied and the proceedings are dismissed.

MCNAMEE, C. J., and PIKE, J., concur.