<hr />

STATE EX REL. ARKANSAS WESTERN RAILWAY COMPANY *v.* ROWE.

Opinion delivered November 16; 1901.

CHANGE OF VENUE—CIVIL ACTION.—A proceeding by a railroad company to condemn land for its right of way is "a civil action," within Sand. & H. Dig., § 7379, providing that any party to a civil action "may obtain an order for a change of venue therein."

Petition for Prohibition.

STATEMENT BY THE COURT.

Arkansas Western Railroad Company, incorporated under the laws of Arkansas for the purpose of constructing, maintaining and operating a line of standard-gauge railroad from Howe or Havener, in the Indian territory, to Waldron, county seat of Scott

county, Arkansas, on May 11, 1901, for the purpose of securing by condemnation a right of way over the lands of John T. Wood, filed its petition, under the statute, in the office of the clerk of the circuit court for Scott county. Proceedings against some eighteen or twenty other parties also were commenced in said court at different dates. Thereafter, on August 7, 1900, Wood filed his petition, supported by affidavits, for a change of the venue of said proceedings to condemn, which petition was allowed, and, by order of the court, the venue was changed to Sebastian county, Fort Smith district. The other cases referred to likewise were transferred, upon petitions presented for that purpose, to the same court.

The cases all were set for hearing at Fort Smith, on October 21, 1901, but on October 5, the railroad company moved in the said Sebastian court for leave to file its plea to the jurisdiction of the court to hear and determine said proceedings, upon the ground that the Scott county circuit court was without jurisdiction to enter the order for removal, and that the same was consequently void. Such motion being sustained, on the same day the railroad company filed its plea, upon which a hearing was had on October 9, and on October 10, 1901, said plea was overruled. On October 11, the railroad company filed in the supreme court its suggestion, praying for a rule on said Sebastian county circuit court to show cause why the writ of prohibition should not be issued, prohibiting said court, and the several land owners, parties to said condemnation proceedings, from proceeding further in the hearing of said proceedings in Sebastian county. Upon such suggestion a rule was allowed as prayed, and proceedings were stayed pending the decision of the question by the supreme court.

The facts in the case are, we believe, undisputed, the sole question to be determined being one of law arising on the face of the record.

*F. C. Downey,* of Kansas City, Mo.; *Leming & Hon* and *Read & McDonough,* for petitioner.

If this is not a civil action as defined in Sand. & H. Dig., § 5602, then it must come within the provisions of § 5603. The term "civil" is generic, and is so employed in Sand. & H. Dig., § 2775. The power of eminent domain may be limited by constitutional provision, but it is an essential attribute of sovereignty. 1 Lewis, Em. Dom. p. 24; 10 Watts, 63; Const. 1874, art. 2, § 23.

The power is an attribute of the political arm of the government. 1 Lewis, Em. Dom. p. 562, § 237; 98 U. S. 403-406; 32 N. J. Eq. 755. The use must be public. Cooley, Const. Lim. (6th Ed.) 660. The right of the property owner to receive compensation is presumed. Const. 1874, art. 2, § 28. The right of trial by jury is beyond the reach of legislation. 130 Mo. 500; 113 Mo. 466. This applies to all claims of compensation, and when under the exercise of eminent domain the statute must be strictly construed. 3 Cook, Corp. § 905; 7 Enc. Pl. & Pr. 468; 51 Mo. 200; 89 Mo. 61; 73 Mo. 30; 2 Bland, Ch. 129; 73 Mo. 651; 66 Me. 39; 108 N. Y. 490; 14 Ia. 296; 15 Ark. 43; 22 Atl. Rep. 1052; 1 N. J. L. 128. The courts cannot interfere with the discretion of those in whom the state vests the right to exercise this extraordinary power. Lewis, Em. Dom. 597; 9 H. L. Cas. 246. The parties were entitled to a trial by jury. Const. 1874, art. 2, § 7; 32 Ark. 17; Const. 1874, art. 12, § 9; Const. 1868, art. 5, § 48. Condemnation proceedings may be had by any tribunal constituted by statute. 114 Mo. 309; 5 Nev. 358; 2 Dev. & Bat. Law, 457; 5 Ohio St. 140; 60 Miss. 621; 30 Ind. 209; 21 Minn. 241. In condemnation proceedings pleadings are improper. 45 Ark. 278; 51 Ark. 350; 51 Ark. 413; 51 Ark. 511. Jurisdiction must appear on the face of record. 31 Mich. 144; 89 Mo. 61; 51 Mo. 200; 48 Mo. App. 254; 3 Johns. Cas. (N. Y.) 107; 7 Enc. Pl. & Pr. 468; 15 Ark. 43. Is a special proceeding. 43 Ark. 120; 52 Ark. 335; 32 Ark. 17; 3 Mich. 504; 8 Ohio, 546; 1 Baldwin, C. C. 205; 85 Ia. 460; 38 N. W. Rep. 926; 36 N. Y. 182; 61 Hun, 365; 80 Hun, 246; 45 Ark. 279. Condemnation proceedings are not suits at law, and statute as to change of venue does not apply. 20 Mich. 57; 20 Pick. 29; 39 N. Y. 109; 63 Me. 27; 65 Cal. 394; 58 Mich. 311. The court of Scott county was without power to change the venue, and Sebastian county court was wholly without jurisdiction. 115 Mo. 474; 1 Lea (Tenn.), 55; 3 Smed. & M. (Miss.) 529; 60 Ala. 93; 17 Fla. 806; 16 Enc. Pl. & Pr. 1094; 7 Wend. (N. Y.) 486; 30 W. Va. 532; 3 Bl. Com. 112; 14 S. Car. 417; 20 N. Y. 531; 4 Ark. 537; 26 Ark. 51; 25 Ark. 567; 33 Ark. 193. This is a special proceeding under § 5603, Sand. & H. Dig., and the provisions of § 7379 do not apply.

*Hill & Brizzolara,* for respondent.

All parties having an interest in the subject-matter should be brought into court. Sand. & H. Dig., §§ 2734-2736. The matter shall proceed and be determined as in other causes. Sand. & H.

Dig., §§ 2770-2775. Compensation for property taken for private use is a guaranty in the federal and state constitutions. Sand. & H. Dig., §§ 2729, 2730. This is not like a condemnation proceeding. 98 U. S. 403; 124 U. S. 197; 75 Fed. 34; 94 Fed. 227; Randolph, Em. Dom. § 314; Mills, Em. Dom. § 92; 29 Fed. 193; 25 Fed. 516. The exercise of eminent domain is a sovereign right, and not the enforcement of a private right. 25 Fed. 516; 53 Iowa, 651. A change of venue was proper. 19 Minn. 464; 20 Minn. 28; 44 Ark. 256; 68 Ark. 600; Bliss, Code Pl. § 1.

HUGHES, J., (after stating the facts). The facts in this case seem to be undisputed, and the only question presented by the record is one of law, and that is, in a proceeding to condemn land for public use, as for the right of way of a railroad, can a change of venue be ordered according to law? Petitioner contends that a change of venue can be ordered legally only in a civil action, and that a proceeding to condemn land for public use, under our constitution and laws, is not a civil action, but comes within the definition of a special proceeding, under our code, which provides:

Sand. & H. Dig., § 5601. "Remedies in civil cases are divided into two classes:

"*First.* Actions.

"*Second.* Special proceedings.

"Sec. 5602. A civil action is an ordinary proceeding in a court of justice by one party against another for the enforcement of a private right, or the redress or prevention of a private wrong. * * *

"Sec. 5603. Every other remedy in a civil case is a special proceeding."

He then quotes section 7379 of Sand. & H. Dig., which provides that "any party to a civil action, trial by a jury, may obtain an order for a change of venue therein by motion upon a petition," etc. He contends there are no parties plaintiff and defendant, as in an ordinary civil action; that the power to condemn is an attribute of the state sovereignty, and belongs to the political arm or power of the government, and that the only questions for the judiciary are: (1) Is the use in fact public? (2) To see that the right of the property owner to receive due compensation for his property taken (or damaged) is preserved. He contends that such a proceeding has none of the characteristics of a suit at law. From his standpoint he makes an able and plausible argument.

But, laying aside technicalities and technical definitions, is the position tenable?

This was undoubtedly a civil controversy between the railroad and the land owner. In *Anderson* v. *Snyder,* 21 W. Va. 641, it was held that the words "action" or "suit" are to be taken and held as synonymous with "controversy," and not merely as designating the particular mode in which a controversy may be presented to the court.

"An action is a lawful demand of one's right." 2 Co. Inst. 285a. "And such demand may be made judicially in an *ex parte* proceeding or application." *Bruce* v. *Fox,* 1 Dana (Ky.), 450.

A Wisconsin statute provides for a change of venue when an impartial trial cannot be had in the court where the action is brought. It was held that this provision applied to the trial of issues of fact raised on appeal from the decision of the county court in respect to admitting a will to probate. The court said: "It is true, the word 'action' is generally used in the chapter, but we do not suppose any restricted or technical meaning is to be given to that term as here used. It is broad enough in its signification to include the proceeding for the probate of a will." *Jackman Will Case,* 27 Wis. 412.

A statute of Connecticut provides that "on the trial of every civil action each party shall have the right to challenge two jurors peremptorily." It was held, in a proceeding for the assessment for damages for land taken for a public highway, that a party has the right to a peremptory challenge. *Pettis* v. *Town of Pomfret,* 28 Conn. 566. In this case the court said: "A civil action is defined to be 'the legal demand of one's right.' * * * Now, every demand of a right regularly pending before a court, by which a party seeks to recover his right against another who is depriving him of it, and which is of a civil as distinguished from a criminal character, comes directly within this definition, and, as such, comes, of course, within the terms of the statute giving the right of peremptory challenge."

In Massachusetts a statute gives either party dissatisfied with the estimate of the county commissioners of damages for land taken for railroad purposes the right to apply for a jury. It has been held that a judgment entered on the verdict of a jury in such a case is a judgment on a civil action, within the statute providing for review by the supreme judicial court of judgments rendered

in civil actions.   *Nantasket Beach Railroad* v. *Ransom,* 147 Mass. 240.

The fact that this proceeding to condemn is in the name of the state can make no difference, as the state is only a formal or nominal party.   The railroad is the real party in interest on the one side, and the land owner on the other side of the controversy. *State* v. *Alleghany Oil Co.* 85 Fed. Rep. 872; *State* v. *Lake Erie, etc., Ry. Co.* 85 Fed. Rep. 3.

It seems that there is good authority for holding that a proceeding of this character is a civil action, within the meaning of our statutes.

Section 9 of article 12 of our state constitution provides: "No property nor right of way shall be appropriated to the use of any corporation until full compensation therefor shall be first made to the owner in money, or first secured to him by a deposit of money, which compensation, irrespective of any benefit from any improvement proposed by such corporation, shall be ascertained by a jury of twelve men, in a court of competent jurisdiction, as shall be prescribed by law." This section is repeated in section 2732 of Sandels & Hill's Digest.

Section 7379, under the title "Change of Venue" (Sandels & Hill's Digest), provides that "any party to a civil action, trial by a jury, may obtain an order for a change of venue therein by motion upon a petition stating that he verily believes that he cannot obtain a fair and impartial trial in said action in the county in which the same is pending on account of undue influence of his adversary, or of undue prejudice against the petitioner or his cause of action or defense, in such county." It is evident that the object of the statute allowing a change of venue is that a fair and impartial trial may be had where the trial is by a jury.   This is as important in a proceeding to assess the value of land taken for right of way of railroad as in any other case.   We think it was the intention that in such a case either party should have the right to a change of venue upon complying with the statute, and that the right exists in this case.

Sec. 7, art. 2, of the constitution, provides that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amounts in controversy."

Sec. 2770, Sandels & Hill's Digest, provides:   "Any railroad, telegraph, or telephone company organized under the laws of this state, after having surveyed and located its lines of railroad, tele-

graph or telephone, shall, in all cases where such companies shall fail to obtain by agreement with the owner of the property through which said lines of railroad, telegraph or telephone may be located the right of way over the same, apply to the circuit court of the county in which said property is situated, by petition, to have the damages for such right of way assessed, giving the owner at least ten days' notice in writing of the time and place where such petition will be heard."

Sec. 2775. "It shall be the duty of the court to impanel a jury of twelve men, as in other civil cases, to ascertain the amount of compensation which such company shall pay, and the matter shall proceed and be determined as other civil causes."

This section, taken in connection with section 7379, which provides that any party to a civil action, trial by jury, may obtain an order for a change of venue, and the section of the constitution which provides that the right of trial by jury shall remain inviolate, is conclusive in our judgment that in this proceeding the right to a change of venue exists. The circuit court of Sebastian county, Fort Smith district, has jurisdiction to try this case, and the writ of prohibition is denied.

The act giving the right to a change of venue is not found in the civil code, and was passed long after the adoption of the code, and it is not to be construed therefore by the provisions of the code. The act providing for a change of venue was approved January 23, 1875. The civil code was adopted on the 22d day of July, 1868, to take effect the 1st of January, 1869.

The writ of prohibition applied for is denied.