ARKANSAS STATE HIGHWAY COMMISSION V. KINCANNON, JUDGE.

4-4606

Opinion delivered January 18, 1937.

Carl E. Bailey, Attorney General, Thomas Fitzhugh, Assistant, and Neill Bohlinger, for petitioner.

Rains & Rains, for respondent.

SMITH, J. This proceeding arises out of an intervention filed by certain property owners in a case now pending in the Crawford circuit court wherein the State Highway Commission seeks to condemn certain property in the city of Van Buren required by the commission in the construction of a railroad overpass. The facts in relation thereto are fully stated in the opinion delivered February 3, 1936, in the case of Arkansas State Highway

*Commission* v. *Partain,* 192 Ark. 127, 90 S. W. (2d) 968, and need not be here repeated.

In that case we affirmed the decree of the chancery court enjoining the highway commission from taking or damaging the property of the protesting landowners until their damages had first been paid or until there should have been deposited subject to the orders of the court a sum of money adjudged, as a preliminary matter, to be sufficient to pay such damages, when they had been ascertained. We there said that if such a deposit were made the commission might proceed with the construction of the improvement.

Pursuant to that opinion the circuit court in which the condemnation proceeding is pending entered an order that the highway commission "deposit in the registry of the court the sum of $15,000, to be held by the clerk of this court pending the final determination of the damages sustained by the defendant property owners." The deposit thus required has been made.

Later certain other owners of property filed an intervention, in which they alleged that the construction of the overpass would damage their property. They prayed that their damages be adjudged and be ordered paid out of this deposit.

The highway commission filed a motion to dismiss the intervention, and, upon that motion being overruled, application has been made here for a writ prohibiting its further hearing.

The highway commission has taken no action in regard to the condemnation of property belonging to interveners, and their intervention is, in effect, a suit against the state, which, upon the authority of *Arkansas Highway Commission* v. *Nelson,* 191 Ark. 629, 87 S. W. (2d) 394, cannot be maintained. *State Highway Commission in Arkansas* v. *Kansas City Bridge Co.,* 81 Fed. (2d) 689. But the effect of the former opinion in this case, and in that of *Highway Commission* v. *Nelson, supra,* is that, while the property owner may not sue the state, or the commission acting in its name, for damages, he may restrain the commission from taking his property

until the damages have been paid, or provision for payment made. By § 22 of article 2 of the Constitution it is declared that "The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor."

It will be observed that property may neither be taken nor damaged without just compensation. When property is damaged, its value is reduced, and this reduction in value is, to the extent thereof, the taking of the property. So that the owner whose property has been damaged, but not physically taken, has the same right to demand compensation for his damages as has the owner whose property has been occupied and taken from his possession. *Donaghey* v. *Lincoln,* 171 Ark. 1042, 287 S. W. 407; *Campbell* v. *Arkansas State Highway Commission,* 183 Ark. 780, 38 S. W. (2d) 753.

But, even so, this right to compensation cannot be enforced by the intervention for two reasons. First, it is a suit against the state. Second, interveners seek to compel the defendants in the condemnation suit brought by the Highway Commission to share with them a fund specially deposited to assure the defendants in that case the compensation which the Constitution guarantees them. It is not alleged, nor was any attempt made to show, that the deposit will suffice to pay all damages which any and every one may incur. It will not be presumed that the court required a deposit in excess of the sum adjudged, as a preliminary matter, to be sufficient to compensate the defendants in the suit brought by the commission against them for their damages.

The intervention should, therefore, have been dismissed, and the writ will be awarded prohibiting its further prosecution.