ARK. STATE HWY. COMM. *v.* THOMAS.

5-1932                                    328 S. W. 2d 367

Opinion delivered November 2, 1959.

*W. R. Thrasher, O. Wendell Hall, Jr.* and *W. B. Brady,* for appellant.

*Fred E. Briner,* for appellee.

J. Seaborn Holt, Associate Justice. This is an eminent domain action instituted by the Arkansas State Highway Commission to condemn certain lands owned and leased by appellees, Louis Thomas and wife. Mr. Thomas operated a cattle farm and business composed of approximately 559.51 acres, of which approximately 204 acres were leased from W. R. Hughes, the owner, and 28 additional acres owned outright by appellees, making a total of 232 acres which were located on the east side of the Saline River, and the remainder, (of the 559.51 acre farm) approximately 327.51 acres, owned outright by appellees, was located on the west side of the Saline River. Appellees operated the entire farm as a unit with sufficient access across the river to permit cattle to pass from one side to the other without hinderance. Appellant condemned 7.56 acres of the land owned by the appellees on the west side of the river and 9.37 acres on the east side of the river, 204 acres of the land used by the appellees on the east side of the river having been leased from Hughes as indicated. At the trial before the court sitting as a jury, Thomas and wife, appellees, were permitted to put in issue and try the value of their leasehold interest in the leased Hughes farm on the east side of the river, and in addition, were permitted to put in issue and try the value of their own land that was condemned. Besides the value of their own land, appellees alleged damages because of a severance between their property and the leased farm on the east side of the river and because of an impairment of their leasehold interest. The lessor, Hughes, was not made a party and did not participate in the proceedings. There was a judgment for appellees in the total amount of $10,000.00. The judgment contains this recital: ''Upon oral motion of plaintiff the court declared this verdict to be composed of: an award of $400.00 per acre for the 7.562 acres taken, or a total of $3,024.80; an award of $3,487.60 for damage to the leasehold interest of Louis Thomas in the lands of Walter R. Hughes and Doris Hughes; and an award of $3,-487.60 for damage resulting from a severance of the property of Louis Thomas and Elsie Thomas from the

property leased from Walter R. Hughes and Doris Hughes by Louis Thomas, said severance resulting from the taking of land for the aforementioned highway purposes." From the judgment comes this appeal.

For reversal appellant relies on three points.

## I

In his first point he alleges that the trial court committed error in allowing separate trials for the interest of the freeholders (Thomas and wife) and also for their interest as lessees of the Hughes land. Ordinarily in (eminent domain) condemnation cases, such as the present case, our rule is that the interest of the freeholder, his interest as lessee in property leased and the interest of the lessor in his own property leased to another, should be determined in a single trial and not in separate trials as was done in the present case. We so held in 104 Ark. 187, 148 S. W. 1038, *Hare* v. *Fort Smith & Western Railroad Company*. We there said: "In a condemnation proceeding, all persons owning an interest in the property are proper parties; and this includes tenants in common, life tenants, remaindermen, lessees, in fact every person having an interest in the land." Citing cases. In *Corpus Juris Secundum*, 1202, the text writer announced the rule in this language: "The owner of the property sought to be condemned, and all persons having any interest therein which will be affected by the proceedings, are, as a general rule, proper and necessary parties respondent or defendant, except to the extent that the rule is modified or limited by statute. The owners of several tracts may be joined in one proceeding." We find no Arkansas Statute modifying or limiting the above rule. And 29 C. J. S. 1206, "Lessor and lessee. A lessee of the property sought to be condemned is not only a proper party to the proceedings but also is a necessary party, in most states, although not in all, nor under all circumstances." In support of the text, *Hare* v. *Fort Smith & Western Railroad Company* is cited. We hold, therefore, that the rights of the freeholder, his rights as lessee, and also

the rights of the lessor must be determined in one trial unless the right to a single trial be waived. In the present case, we think the right to a single trial by appellant was, in effect, waived. The record reflects that on the date set for the trial, appellant appeared, by its attorney, announced ready for trial and the trial proceeded. No objection was made, by appellant, to proceeding with the trial nor was any motion made for a consolidation of appellees' interest with that of Hughes, the owner of the property leased by appellees. Not, it appears, until after the testimony of two witnesses appearing on behalf of appellees was completed did appellant (highway department) move to consolidate. In the circumstances we hold that appellant's motion to consolidate came too late and its action, as indicated, amounted to a waiver.

Points: "2. The judgment of $3,487.60, representing damage to the Thomas Leasehold in land of Walter Hughes, is not supported by competent evidence. 3. The judgment for severance damage is not supported by competent evidence."

As to these two points, the evidence is conflicting, and without attempting to detail it here, we hold that there was sufficient substantial evidence to support the findings and judgment of the court, sitting as a jury, as to the damages to the freehold, leasehold, and the severance damages. While the aggregate amount of the damages allowed appears to us to be most generous, however, as indicated, we are unable to say that such amount is not supported by some substantial evidence.

Affirmed.