ARK. REAL ESTATE Co. *v.* ARK. STATE HWY. COMMISSION.

5-3031                                                    371 S. W. 2d 1

Opinion delivered October 7, 1963

*Moses, McClellan, Arnold, Owen & McDermott,* for appellant.

*Dowell Anders, H. Clay Robinson, Bill Demmer* and *Walter H. Laney,* for appellee.

ED. F. MCFADDIN, Associate Justice. This appeal results from the fact that the Arkansas State Highway Commission named the wrong party as owner of a tract of land in an eminent domain proceeding. The said party erroneously named as landowner received the amount deposited in the Court, which amount the Highway Commission now seeks to recover. At the same time, the true owner of the land seeks to recover from the Arkansas State Highway Commission the value of the land taken in the eminent domain proceedings. From a judgment on the issues there is this direct appeal and cross appeal.

On April 6, 1959 the Arkansas State Highway Commission (hereinafter called "Highway Commission") filed this eminent domain proceeding involving a num-

ber of parcels, one of which was Tract No. 62 containing 31.7 acres. The complaint alleged that the value of the said Tract No. 62 was $9,400.00; and that amount was deposited in the Registry of the Court so that immediate possession could be taken. The complaint of the Highway Commission named the appellant, Arkansas Real Estate Company, Inc. (hereinafter called "Real Estate Company") as the owner of said tract; the Real Estate Company by answer admitted its ownership of the tract and claimed a greater amount as damages; and by order of the Circuit Court on August 3, 1959, the Real Estate Company received the said amount of $9,400.00 from the Registry of the Court.

Then on August 10, 1959, the appellees, W. H. Laney, *et al.*, intervened in the said eminent domain proceedings, asserted their ownership and actual possession of the 31.7 acres, and claimed damages for said taking. With the status of affairs in the condition recited, this eminent domain case remained in abeyance in the Circuit Court until the Supreme Court decided the case of *Laney* v. *Arkansas Real Estate Company*, 234 Ark. 187, 350 S. W. 2d 911 (opinion of November 20, 1961), which held that the Laneys were the owners of the 31.7 acres here involved, as well as other lands. The Laneys called the said opinion of this Court to the attention of the Circuit Court in the present eminent domain proceedings and, as a result, recovered judgment against the Highway Commission for the $9,400.00, which was the amount the Highway Commission had stated to be the value of the 31.7 acres. From that judgment in favor of the Laneys, the Highway Commission brings the present appeal.

In this same eminent domain proceeding, the Highway Commission, after the judgment in favor of the Laneys, sought and obtained judgment against the Real Estate Company for the $9,400.00 which the Real Estate Company had withdrawn from the Registry of the Court on August 3, 1959, as aforesaid; and from that judgment against it, the Real Estate Company prosecutes the present appeal.

I. *The Judgment In Favor Of The Laneys And Against The Highway Commission.* The affirmance of this judgment is a reasonably simple matter. The Arkansas Constitution (Art. 2 §22) says: ". . . private property shall not be taken, appropriated, or damaged for public use, without just compensation therefor." The eminent domain statute under which the Highway Commission proceeded was Ark. Stat. Ann. §76-533 *et seq.* (Repl. 1957). But the Highway Commission did not list the Laneys as the owners of the said land; so we have a situation—insofar as the Laneys are concerned—in which the Highway Commission admits the taking of the Laney land and admits the damages to be $9,400.00. The Laneys cannot be held responsible for the failure of the Highway Commission to name the correct owner of the title and party in possession of the land. It was through no fault of the Laneys that an erroneously named owner received the money from the Highway Commission seven days before the Laneys intervened in the case. The Laneys have been guilty of no laches, negligence, or delay, and are entitled to the protection of the Constitution for the value of their land taken and damaged. There is nothing in *Ark. State Highway Comm.* v. *Kincannon,* 193 Ark. 450, 100 S. W. 2d 969, in conflict with our present holding. The Circuit Court was correct in awarding the Laneys the judgment[1] rendered in their favor.

II. *The Judgment In Favor Of The Highway Commission Against The Real Estate Company.* The decision on this issue is not so easy, because the Highway Commission alleged in the original complaint that the Real Estate Company was the owner of the 31.7 acres, and the Highway Commission consented and agreed that the Real Estate Company could withdraw the $9,400.00 deposited in the Registry of the Court, and this withdrawal was done by Circuit Court Order. The Real Estate Company claims: (a) that the eminent domain proceeding was a matter *in rem;* (b) that the Highway Commission is bound by its allegations as to ownership; and (c) that

---

[1] The judgment in favor of the Laneys was signed and entered on September 7, 1962, and the record was filed in this Court well within the time allowed by the Circuit Court.

the payment of the money from the Registry of the Court is *res judicata*.[2] To support its arguments the Real Estate Company relies heavily on the language of this Court in *Bentonville RR. Co.* v. *Stroud,* 45 Ark. 278. In that case, the Railroad Company instituted eminent domain proceedings and, on appeal, sought to make the belated claim that the named defendants had not established their title. In rejecting such belated claim of the Railroad Company we said:

"The company alone can start the proceeding, and when it does so it must proceed against the owner *(Mansf. Dig., Sec. 5458),* and it selects the parties to be proceeded against at its peril, because, by starting the proceeding against them, it admits that they are the owners. *S. & M. R'y.* v. *Rhea, 44 Ark. 264.*"

Assuming, without deciding, that the quoted language in the Bentonville case would apply to a situation like the one here in which the deposit was withdrawn in advance of any trial,[3] nevertheless there is another and complete distinction between the Bentonville case and the one at bar; and that distinction lies in the fact that the State and its agencies may recover voluntary payments when it is shown that they were made in error. See *Vick School Dist.* v. *New,* 208 Ark. 874, 187 S. W. 2d 948. See also 40 Am. Jur. p. 822, "Payment" §157; and 70 C.J.S. p. 346, "Payment" §139. When an individual or private corporation makes a voluntary payment, such cannot ordinarily be recovered. But that rule—of inability to recover a voluntary payment—does not apply to the State and its agencies. Our holding in *Vick School Dist.* v. *New, supra,* is a complete answer to the Real Estate Company's reliance on the holding in *Bentonville RR. Co.* v. *Stroud, supra.* Even if the $9,400.00 had been

---

[2] In its brief the Real Estate Company has cited a number of cases and texts, some of which are: *U.S.* v. *Dunnington, et al.,* 146 U.S. 338, 36 L. ed. 996, 13 S. Ct. 79; 18 Am. Jur. p. 1009; and Nichols on Eminent Domain, Vol. 2, p. 14, and Vol. 6, p. 7.

[3] The statute on withdrawal of deposit before final trial is Ark. Stat. Ann. § 76-537 (Repl. 1957). Some of our recent cases involving that statute are: *Ark. Hy. Comm.* v. *Rich,* 235 Ark. 858, 362 S. W. 2d 429; and *Adams* v. *Ark. Hy. Comm.,* 235 Ark. 837, 363 S. W. 2d 134.

paid by the Highway Commission to the Real Estate Company without eminent domain proceedings, the Highway Commission could have recovered the payment when it was shown, as here, that the Real Estate Company was not the owner of the land involved at the time the money was received by it and that the State paid the money through error.

The judgment of the Circuit Court in favor of the Highway Commission against the Real Estate Company is in all things affirmed. As for the costs: the Laneys will recover their costs against the Highway Commission; and the Highway Commission will recover its costs against the Real Estate Company.