BASIL PATRICK ET UX *v.* WARREN E. WOOD, JUDGE

5-4334                                                                    420 S. W. 2d 92

Opinion delivered November 6, 1967

*Jones & Stratton,* for petitioners.

*Gannaway & Darrow,* for respondent.

CONLEY BYRD, Justice. This is a petition for prohibition. At issue is the question of whether the Pulaski Circuit Court dismissed cause No. 56930 therein pending, in which Vada Cowan was plaintiff and Basil Patrick and Florence Patrick, his wife, were defendants.

The docket sheet shows that Vada Cowan's complaint for injuries arising out of an automobile collision in North Little Rock was filed on December 3, 1964. On December 18 the case was assigned to the Second Division of Pulaski Circuit Court. Defendants' motion for summary judgment and their answer and counterclaim were filed on December 28, 1964. On January 5, 1965, plaintiff filed her answer to defendants' counterclaim.

The next docket notation is on March 13, 1967, dismissing the cause for failure to prosecute. On April 28, 1967, the Pulaski Circuit Court entered its order setting aside the "dismissal of failure to prosecute."

After the March 13, 1967 dismissal for failure to prosecute in the Pulaski Circuit Court, Basil Patrick et ux, on April 13, 1967, filed a complaint in the Faulkner Circuit Court for injuries arising out of the same accident. Service on this complaint was obtained on Vada Cowan in Pulaski County on April 17, 1967.

The order of dismissal of March 13, 1967, in the Pulaski Circuit Court is as follows:

"PULASKI COUNTY CIRCUIT COURT,

MARCH TERM, 1967

MONDAY, MARCH 13, 1967

"By order of the court upon its own motion after reviewing the civil docket and finding that there has been no activity in the following cases for a substantial length of time; notices having been sent in these cases and no notices having been sent in others, said cases are to be dismissed for failure to prosecute without prejudice to wit:

"VADA COWAN                    PLAINTIFF

   VS 56930

"BASIL PATRICK and
"FLORENCE PATRICK          DEFENDANTS"

The record does not show that the foregoing order was signed by the court.

The Pulaski Circuit Court order which was signed by the judge on April 28, 1967, provides:

"The Court finds that on March 9, 1967 it denied the motion of Florence Patrick for summary judgment, and on that same date mailed to Attorneys

Guy H. Jones, Homer Tanner and Bert Darrow a letter enclosing a copy of the order denying said motion and notifying the attorneys that this court had set this case for trial on June 27, 1967.

"The Court further finds that thereafter on March 13, 1967, one of the deputy clerks of this Court inadvertently made a notation on the docket that this case had been dismissed for failure to prosecute, that this docket notation should not have been made, that it in no way constituted a dismissal of this case and that this case is now fully pending in this Court and has been continuously without interruption.

"IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED AND ADJUDGED that the entry referred to herein shall be stricken from the docket as having been inadvertently made, that this case is fully pending in this Court now, and has been continuously active and pending since its original inception, without any interruption."

Under our holding in *Oliver* v. *Miller,* 239 Ark. 1043, 396 S. W. 2d 288 (1965), petitioners had a right to file their cause of action in the Faulkner Circuit Court IF cause No. 56930 in the Pulaski Circuit Court had been dismissed. Herein lies, under the record, a fact issue which we are unable to determine upon a writ of prohibition in this court. In *Keenan* v. *Strait, Judge,* 221 Ark. 83, 252 S. W. 2d 76 (1952), we held that prohibition did not lie where the jurisdiction of the trial court turned upon a fact issue—the remedy for correcting an erroneous ruling by the trial court being by way of appeal.

In the record before this court, there appears to be a disputed fact as to whether the cause of action No. 56930 was dismissed by the court or whether the clerk made an inadvertent or unauthorized entry of an order. Therefore the petition for writ of prohibition is denied.

BROWN, J., not participating.