ARKANSAS STATE HIGHWAY COMM'N *v.*
Russell C. ROBERTS, Judge

5-5304 455 S. W. 2d 125

Opinion delivered June 15, 1970

*Thomas Keys* and *Philip Gowen, for petitioner.*

*Jones, Stratton & Jones* and *Clark, Clark & Clark,* for respondent.

JOHN A. FOGLEMAN, Justice. Petitioner asks that the circuit court be prohibited from proceeding further upon an intervention of Robert C. and Betty E. Jordan in an eminent domain proceeding brought in that court by it. The intervenors alleged that they had an interest as remaindermen in a tract of land taken by petitioner in that proceeding and were entitled to compensation as such. Their petition alleges that the highway department has entered upon the property, but nothing in the record indicates the date of entry or the extent of construction upon the right-of-way taken. These intervenors asserted that they were not made parties in the action and asked that they be permitted to become parties defendant for the purpose of determining the amount of compensation due them. This intervention was permitted by the trial court after the entry of consent judgment awarding compensation to the life tenant as the owner of the fee simple title to

the tract in question. The circuit court held that the judgment was void as to these owners.

There can be no doubt that the life tenant and the remainderman are entitled to separate compensation. *Missouri & N. A. R. Co.* v. *Chapman*, 150 Ark. 334, 234 S. W. 171; *Bentonville R. R.* v. *Baker*, 45 Ark. 252. The owner of any interest in the land involved is a proper and necessary party to the action. *Arkansas State Highway Commission* v. *Thomas*, 231 Ark. 98, 328 S. W. 2d 367. There also can be no doubt that a remainderman has no right to possession until the death of the life tenant. *Wilson* v. *McDaniel*, 247 Ark 1036, 449 S. W. 2d 944; *Smith* v. *Kappler*, 220 Ark. 10, 245 S. W. 2d 809.

At the outset it must be emphasized that when the state becomes a suitor in its courts, it is subject to like restrictions as a private suitor, must be treated as other litigants and must submit to, and abide by, the result. *Arkansas Game and Fish Commission* v. *Parker*, 248 Ark. 526, 453 S. W. 2d 30; *Arkansas State Highway Commission* v. *Partain*, 193 Ark. 803, 103 S. W. 2d 53; *Arkansas State Highway Commission* v. *McNeil*, 222 Ark. 643, 262 S. W. 2d 129.

While the proceeding to acquire rights-of-way has been called a proceeding in rem,[1] it is also a civil action between adverse parties, and subject to the ordinary incidents of a civil suit, at least insofar as determining just compensation is concerned. *Linwood and Auburn Levee District* v. *State*, 121 Ark. 489, 181 S. W. 892; *State* v. *Rowe*, 69 Ark. 642, 65 S. W. 463.

Notice to the *owner* of hearing on the highway commission's petition in condemnation is required by Ark. Stat. Ann. § 76-533 (Repl. 1957). If the owner is a non-resident of the state, notice by publication is required for the same length of time "as may be required

---

[1]*Arkansas State Highway Commission* v. *Hammock*, 201 Ark. 927, 148 S. W. 2d 324.

in other civil causes."[2] Of course, due process requires that the owner of lands taken under the power of eminent domain be given reasonable notice and opportunity to be heard with respect to compensation in pending proceedings. *Arkansas State Highway Commission v. Scott,* 238 Ark. 883, 385 S. W. 2d 636. We have said that a statute undertaking to permit determination of compensation without notice is void. *State Life Ins. Co. of Indianapolis v. Arkansas State Highway Commission,* 202 Ark. 12, 148 S. W. 2d 671. Statutes governing procedures must be pursued strictly. *Hare v. Ft. Smith and W. R. Co.,* 104 Ark. 187, 148 S. W. 1038.

The owner of any interest in lands being taken under eminent domain is a proper and necessary party to the proceedings to determine compensation. *Arkansas State Highway Commission v. Thomas,* 231 Ark. 98, 328 S. W. 2d 367. It is the duty of the condemnor to ascertain the owners of the land and make them parties, and it acts at its own peril in selecting the parties against whom the proceedings are conducted. *Bentonville R. R. v. Stroud,* 45 Ark. 278; *Young v. Red Fork Levee District,* 124 Ark. 61, 186 S. W. 604; *Board of Directors, St. Francis Levee District v. Home Life & Accident Co.,* 176 Ark. 558, 3 S. W. 2d 967; *Arkansas Real Estate Co. v. Arkansas State Highway Commission,* 237 Ark. 1, 371 S. W. 2d 1. An owner or one having any interest in land taken without notice to him is not ordinarily bound by any allowance of damages which may have been made, and the proceedings are nugatory as to him. *Southwestern Bell Telephone Co. v. Biddle,* 186 Ark. 294, 54 S. W. 2d 57; *Hare v. Ft. Smith and W. R. Co.,* supra; *Board of Directors, St. Francis Levee District v. Home Life & Accident Co.,* supra; *Schichtl v. Home Life & Accident Co.,* 169 Ark. 415, 275 S. W. 745.

The sole argument relied upon by petitioner is the contention that granting this petition permits the intervenors to sue the state in contravention of Arkansas

[2]The record before us does not disclose whether intervenors are residents or non-residents.

Constitution Art. 5, Sec. 20, citing *Arkansas State High-way Commission* v. *Bush*, 195 Ark. 920, 114 S. W. 2d 1061. This contention was rejected in *Arkansas Real Estate Co.* v. *Arkansas State Highway Commission*, 237 Ark. 1, 371 S. W. 2d 1. There we said that permitting intervention by an owner not named in an eminent domain proceeding against lands owned by him was not contrary to the holding in *Arkansas State Highway Commission* v. *Kincannon*, 193 Ark. 450, 100 S. W. 2d 969, the authority on which the *Bush* case depends.

We are unable to say from this record when the intervening parties had notice of the pendency of this condemnation suit, or the entry of the petitioner upon the right-of-way condemned. We are likewise unin-formed as to the date a deposit to secure the payment of compensation was made by petitioner, although a certified copy of the consent judgment in favor of the life tenant filed November 30, 1965, indicates that the deposit had then been made. We have no means of assessing whether intervenors have unduly delayed their demand for compensation or the effect of that delay on their right to compensation or to a jury trial to deter-mine it.

Prohibition is an extraordinary and discretionary writ, used cautiously. *Harris Distributors* v. *Marlin*, 220 Ark. 621, 249 S. W. 2d 3. *Faver* v. *Golden*, 216 Ark. 792, 227 S. W. 2d 453. It is never granted unless the applicant therefor is clearly entitled to the relief and the tribunal against which it is sought is wholly with-out jurisdiction. *Schley* v. *Dodge*, 206 Ark. 1151, 178 S. W. 2d 851; *Skinner* v. *Mayfield*, (April 21, 1969), 439 S. W. 2d 651. It will not be granted if the jurisdic-tion of the trial court depends upon determination of questions of fact. *Skinner* v. *Mayfield*, supra; *Patrick* v. *Wood*, 243 Ark. 418, 420 S. W. 2d 92.

On the basis of the record before us, we cannot say that the circuit court is clearly without any juris-diction. Of course, this decision does not prevent peti-tioner from asserting any bar that may exist because

of matters occurring or actions or omissions on the part of the remaindermen after the filing of its petition for condemnation.

The writ is denied.