ARKANSAS STATE HIGHWAY COMMISSION
*v.* Yance WILKINSON et al

CA 83-299                    670 S.W.2d 462

Court of Appeals of Arkansas
Division II
Opinion delivered June 13, 1984

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Lightle, Beebe, Raney & Bell,* by: *A. Watson Bell,* for appellee.

LAWSON CLONINGER, Judge. This is an appeal from an eminent domain proceeding in White County Circuit Court. On April 10, 1978, appellant acquired in fee 8.73 acres of land from a 65-acre tract of land purportedly owned by Mr. and Mrs. Yance Wilkinson. On Aguust 20, 1982, J. R. and Patricia Smith filed a motion to intervene in the action alleging that they were contract purchasers of three acres from the 65 acres. They further alleged that access to their three-acre tract had been impaired by the taking of the 8.73 acres by appellant. In an order rendered on September 10, 1982, the court granted the intervention. This case was tried to a jury on April 11, 1983, and the jury rendered a verdict in favor of the appellees, Yance and Lena Wilkinson, in the amount of $30,216.00. By separate verdict form, the jury rendered a verdict in favor of appellees, J. R. and Patricia K. Smith, and fixed compensation at $3,000. The trial judge deducted $3,000 from the total amount awarded the Wilkinsons and awarded it to the Smiths.

Appellant now brings this appeal, alleging as its sole point for reversal that the court erred in permitting the intervention. Appellant initially argues that the granting of the intervention constituted a suit against the State of Arkansas, in violation of Article 5, Section 20, of the Arkansas Constitution. See also *Arkansas State Highway Commission* v. *Kincannon, Judge,* 193 Ark. 450, 100 S.W.2d 969 (1937). We agree with the trial judge that the granting of the intervention did not amount to a suit against the State.

Arkansas Rules of Civil Procedure, Rule 24, provides in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a

practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

There is no contention by appellant that the Smiths' interests would have been adequately represented by the Wilkinsons, and that issue therefore is not before us. In this case, we are unable to say that the judge's decision was in error. As equitable owners of a three-acre tract out of the 65 acres owned by the Wilkinsons, the court properly allowed the Smiths to intervene in the case. He instructed the jury that all damages were to be awarded to the Wilkinsons. He then asked the jury to submit on a separate verdict form the amount in which the Smiths had suffered damages by the taking. The Arkansas State Highway Commission was responsible for no damages suffered by the Smiths. There is no allegation that the award given to the Wilkinsons was excessive, and the award clearly was within the bounds of the expert testimony. The Wilkinsons have not appealed from the judgment of the trial court. We hold that appellant's argument that appellees' intervention violated the Arkansas Constitution is without merit.

Appellant further argues that no judgment should have been entered in favor of appellees, the Smiths, because they did not show any damages peculiar to them; namely, that they did not suffer any damage which was not suffered by the public in general. See *Arkansas State Highway Commission v. McNeill*, 238 Ark. 244, 381 S.W.2d 425 (1964). However, we hold that appellant has no standing to make this argument, since no judgment was entered against it in favor of the Smiths.

We accordingly affirm the jury verdict and the decision of the trial court.

COOPER and CRACRAFT, JJ., agree.