ARKANSAS STATE HIGHWAY COMMISSION
*v.* X DOTSON and Fern Dotson, and Dotson Land
and Cattle Company

89-315                              781 S.W.2d 459

Supreme Court of Arkansas
Opinion delivered December 18, 1989

*Robert L. Wilson, Charles Johnson*, and *Ted Goodloe*, for appellant.

*Billy J. Allred*, for appellee.

DAVID NEWBERN, Justice. This is a land condemnation case which originated in the Madison County Court and was appealed to the Madison County Circuit Court where damages were awarded to X and Fern Dotson and the Dotson Land and Cattle Company (Dotsons), the appellees, against the appellant, Arkansas State Highway Commission. The commission contends it was not a proper party to the action and thus it was error for the court to have entered a judgment against it for damages resulting from the taking. We must reverse and remand the case because we agree the commission was not, and could not have been, a proper party to a county court condemnation. We need not address the commission's second point, that the evidence presented on the value of the land taken was insufficient, because we assume the issue will not arise if there are further proceedings.

The Dotsons on cross-appeal contend that, should we find the county rather than the commission was the party initiating the proceedings in its own court, our statute permitting it is unconstitutional. This argument was raised by the Dotsons and taken under advisement by the trial judge, however, neither

the commission nor the county made any response to the argument. The trial court did not rule on the issue. Where issues have not been fully adjudicated below we will not consider them on appeal. *Arkansas Dep't of Human Serv.* v. *M.D.M. Corp.*, 295 Ark. 549, 750 S.W.2d 57 (1988).

The record begins with an order, first dated August 25, 1986, and revised as of October 29, 1986, of the Madison County Court which is styled "IN THE MATTER OF THE PETITION OF THE ARKANSAS STATE HIGHWAY COMMISSION FOR CHANGES TO STATE HIGHWAY NO. 295 and 295S." The order granted a perpetual easement over certain described lands, and stated "the lands . . . described [are] hereby condemned and for the use and benefit of the Arkansas State Highway Commission." The lands described included 3.03 acres belonging to the Dotsons. The order concluded with a provision that any aggrieved landowner should present his claim to the court within one year from the date of service of the order.

The record next contains a Madison County Court order of September 9, 1987, styled the same as the order mentioned above, reciting that the Dotsons had filed a petition which was denied because the betterments resulting to their property from the condemnation offset the damages they claimed. As its basis of jurisdiction, the county court order recited statutes now codified as Ark. Code Ann. §§ 14-298-120 and 27-67-212 (1987).

The Dotsons appealed to the circuit court. The commission moved to dismiss on the grounds that it had not been served in the action, that it was a suit against the state, and that the county, not the commission, was liable for the alleged damages. The motion was denied. The case was tried to a jury which awarded the Dotsons $3500 against the commission.

The commission argues that it may call upon the county to condemn land for construction of a state highway pursuant to § 27-67-212, and that this procedure may result in a jury trial in circuit court in accordance with § 14-298-120. The commission notes that it may force the county to comply or make the county pay 50% of the costs of condemnation under Ark. Code Ann. § 27-67-320 (1987).

Section 14-298-120(a) gives county courts the power to open

new roads, make changes in old roads, and classify roads. Subsection (a)(3) states "An appropriate order of the county court shall be made and entered therefor." Subsection (j) provides for appeal to the circuit court if the landowner is not satisfied with the amount awarded by the county court.

Section 27-67-212(a) provides that the commission may "call upon the county court to change or widen, in the manner provided by § 14-298-121, any state highway in the county where the state highway engineer deems it necessary. . . ." The reference should be to § 14-298-120 which, as we explained in *Greig v. Crawford County*, 256 Ark. 202, 506 S.W.2d 523 (1974), was passed to correct the notice requirement in § 14-298-121.

While § 14-298-120 gives the county court the power to condemn land on its own motion and upon petition of interested landowners, it does not permit a petition of the commission to be acted on by the county court. The record contains no petition by the commission to the county court. The recitation by the county court order that there was such a petition is apparently a reference to action by the commission to "call upon" the county to act as permitted in § 27-67-212(a). In such instances, the county is the condemning authority, and the commission is not a party. *Arkansas State Highway Comm. v. Croom*, 225 Ark. 312, 280 S.W.2d 887 (1955); *Arkansas State Highway Comm. v. Palmer*, 222 Ark. 603, 261 S.W.2d 772 (1953).

There is some indication in the testimony given at the circuit court hearing that the commission drafted the county court order. The Dotsons contend that the commission thus made itself a party to the case by styling it in its name. While it is true that the state will be treated as other suitors when it has brought suit, *Arkansas State Highway Comm. v. Roberts*, 248 Ark. 1005, 455 S.W.2d 125 (1970), we do not conclude that the commission was the petitioner in this case just because the commission erred in styling the county court order. The very authority cited in the county court order would not permit the commission to be the petitioner.

## Conclusion

While it is unfortunate that the Dotsons were apparently misled by the improperly styled county court order into thinking

that the commission was a proper party to their appeal, the commission's motion to be dismissed as a party should have been granted by the circuit court. The judgment against the commission is improper and is therefore reversed and dismissed. The case is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

HOLT, C.J., and PURTLE and GLAZE, JJ., dissenting.

TOM GLAZE, Justice, dissenting. The result reached by the majority in this case is unfair and in my view, contrary to law. The State Highway Commission initiated this litigation by filing its petition in Madison County Court on August 25, 1986, to make certain changes in State Highways 295 and 295 S. The county court notified any landowners affected by the Commission's action and order of condemnation to present their claims. Appellees petitioned for damages and by order dated September 9, 1989, the county court denied them any relief. Appellees appealed to the Madison County Circuit Court and the Commission moved to dismiss the appeal, claiming it was not a party in interest and the circuit court lacked jurisdiction to award damages against the Commission. The circuit court denied the Commission's motion, set the matter for jury trial and the jury subsequently awarded appellees damages in the sum of $3,500.

In this appeal, the Commission claims it is not a proper party and cannot be named a party defendant. In making its argument, the Commission cites Ark. Code Ann. §§ 14-298-120 and 27-67-212 (1987), arguing Madison County was the proper party in this matter. In particular, the Commission cites § 27-67-212, which provides the Commission, upon certain conditions, may call upon the county court to change or widen any state highway in the county. In *Lee County, Ark.* v. *Holden*, 82 F. Supp. 353 (E.D. Ark. 1949), the federal district court considered this same language and concluded that when the Commission files such a condemnation lawsuit, its petition does not amount to a mere request to the county to commence an action in the county's own right. The district court concluded that the Commission was the

real party in interest.[1]

In *Ark. State Highway Comm'n* v. *Roberts*, 248 Ark. 1005, 455 S.W.2d 125 (1970), we emphasized the rule that when the state becomes a suitor in its courts, it is subject to like restrictions as a private suitor, must be treated as other litigants and must submit to and abide by, the result. Unfortunately, the majority court is treating the Commission with deference not deserved in this matter. The entire matter would have never arisen if the Commission had not initiated these condemnation proceedings and the awards and benefits that ensue from these proceedings are for the Commission. The Commission knew what it was doing when proceeding in this matter, but if for some reason it erred when bringing this case in its name, this court should not penalize the appellees for the Commission's error. The law certainly does not require this court to reach such an inequitable result.

HOLT, C.J., and PURTLE, J., join this dissent.

---

[1] The court pointed out the criterion in determining the question of real party in interest and most of those are evident in the present case. *See Lee County, Ark.,* 82 F. Supp. at 356.